SIMON STRAUSS *et al.*

*v.*

F. KRANERT, impleaded, etc.

1.  FRAUD — *presumption* — *proof of fraud.* While it is true, that the law never presumes fraud without some evidence, the legal presumption existing that every man is innocent of intentional wrong, and is honest of purpose, until the contrary is proven, yet, in order to show fraud, direct and positive proof is not required; but it may be inferred from circumstantial evidence.

2.  Where a party obtained goods from another, on credit, by false and fraudulent representations in regard to his responsibility, and subsequently mortgaged them to a third person, the mortgagee afterward taking possession of the goods, by authority of the mortgage, in an action of replevin

by the vendor to recover possession of the goods, it was *held*, in determining the fairness of the transaction between the mortgagor and the mortgagee, if the jury believed, from the evidence, that the latter took the mortgage on the goods for a sum larger than the amount actually owing him by the former, and knew when he took the mortgage that the mortgagor was insolvent at the time he obtained the goods of the plaintiff, and that they were not paid for, such facts and circumstances were proper elements for their consideration.

Appeal from the Court of Common Pleas of the city of Aurora; the Hon. Richard G. Montony, Judge, presiding.

The opinion states the case.

Messrs. Parks & Annis, for the appellants.

Mr. C. J. Metzner, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

Appellants brought an action of replevin against appellees, for a quantity of goods. The sheriff replevied a part of the property, and returned not found as to a portion. Thereupon appellants filed a count in trover. The plea of not guilty was filed to the count in trover, and *non cepit*, *non detinet*, and property in defendant Kranert, to the count in replevin.

Upon a trial, the judgment was for the appellees.

As the judgment must be reversed, we shall only refer to a portion of the evidence, for the purpose of determining the correctness of the instructions.

It is an admitted fact that Buttner obtained the goods, from appellants, by false and fraudulent representations, and paid nothing for them. They were purchased in Chicago, and from thence shipped to Aurora, on the 9th of September, 1868. On the 13th of September, Buttner executed and delivered to Kranert, a chattel mortgage on the goods, of the usual character. Buttner retained possession and sold from the stock,

until the 16th of September, on which day Kranert took possession, by authority of the mortgage.

There was evidence tending to prove that the notes secured by the mortgage were for a greater sum than the actual indebtedness; that Buttner, at the time of the purchase, was wholly insolvent; that Kranert well knew the pecuniary condition of Buttner, and expressed surprise that he could obtain any credit in Chicago; that these parties were upon intimate and confidential terms, and that the indebtedness between them existed prior to the purchase of the goods.

The court refused the following instruction asked by appellants:

" The jury are instructed, as matter of law, that fraud may be proved by circumstantial evidence as well as positive proof. Where fraud is charged express proof is not required. It may be inferred from strong presumptive circumstances, and if the jury believe, from the evidence, that Buttner got possession of the goods from plaintiffs by fraudulent representations in regard to his responsibility, and that, upon the arrival of the goods at Aurora, Kranert took a mortgage upon the whole stock for a sum larger than the amount actually owing from Buttner to him, and that Kranert knew that Buttner was insolvent at the time he obtained the goods of plaintiff, and that they were not paid for, and that Kranert knew it when he took the mortgage, all these facts and circumstances may be taken into consideration by the jury in determining whether Kranert was a *bona fide* mortgagee of the goods."

It is a familiar principle, that a sale and delivery of property procured by the fraud of the vendee, pass no title, as between the parties. From the admitted facts, the sale of the goods by appellants to Buttner transferred no title to the latter. Was Kranert an innocent purchaser, or had he notice of the fraud of his mortgagor? In determining the fairness of the transaction between the mortgagor and mortgagee of the chattel mortgage, all the facts recited in the refused

instruction were eminently proper for the consideration of the jury.

The court, in refusing the instruction referred to, seemed to have adopted as a maxim the phrase, " the law never presumes fraud." This is but the mere expression of the abhorrence with which the law regards fraud, and its unwillingness to believe that any person could be guilty of conduct so base. It is true, that the law never presumes fraud without some evidence. The legal presumption exists, that every man is innocent of intentional wrong, and is honest of purpose, until the contrary is proven. But it is not true that the law will never imply fraud without direct and positive proof. Under a rule so stringent, fraud would rarely be proved. It loves deceit and stratagem ; and its inextricable windings can often only be traced by circumstances. The refused instruction, therefore, should have been given. It was refused by the court in every form in which it was presented.

The judgment is reversed and cause remanded.

*Judgment reversed.*