[No. 880.]

## L. W. GREENWELL, APPELLANT, *v.* RICHARD NASH, RESPONDENT.

SALE OF PERSONAL PROPERTY, WHEN VOID—FRAUDULENT INTENT—KNOWLEDGE OF VENDEE.—When a sale of personal property is made by the vendor with the intent to hinder, delay and defraud his creditors, and the purchaser has knowledge of such intention, the sale is void.

IDEM.—In determining the question whether the vendee had knowledge of
the fraudulent intent of the vendor, the jury should take into considera-
tion the acts and declarations of the respective parties, and all the facts
and circumstances surrounding the sale, and if the knowledge of the pur-
chaser is sufficient to put him upon inquiry, then the jury would have
the right to infer knowledge upon his part of the fraudulent character of
the transaction.

APPEAL from the District Court of the Fourth Judicial
District, Humboldt County.

A rehearing was granted in this case. Pending the re-
hearing, the case was settled and dismissed. The opinion
as here published does not contain any portion of the de-
cision of the court touching the questions upon which the
rehearing was granted.

*George P. Harding,* for Appellant.

The instruction given by the court was erroneous. (*Hess-
ing* v. *McClosky,* 37 Ill. 352; *Mayor & Co.* v. *Trimble,* 25 Md.
34; *State* v. *Clara,* 8 Jones L. 27; *Swank* v. *Adm'rs,* 24 Ind.
201; *State* v. *Harrison,* 5 Jones, N. C. 121; *Watkins* v. *Wal-
lace,* 19 Mich. 77; Article 6, sec. 12, Const. Nevada; 51
Cal. 589.)

*M. S. Bonnifield and Wells & Stewart,* for Respondent.

By the Court, HAWLEY, C. J.:

The plaintiff, Greenwell, purchased from J. J. Mann cer-
tain personal property belonging to the copartnership of
Smith & Mann. This property was afterwards levied upon
and taken by the defendant, Nash, sheriff of Humboldt
county, as the property of Smith & Mann, under and by
virtue of a writ of execution issued upon the judgment ob-
tained by Stevenson & Son against Smith & Mann. Plaint-
iff, claiming to be the owner of the property, brought this
suit to recover its value.

Did the court err in giving the following instruction?
"If you find from the evidence that the acts of said Mann
in relation to the alleged sale of said property to plaintiff
were fraudulent as to the creditors of Smith & Mann, and
(that) they were sufficient to put an ordinarily intelligent

man on his guard. In other words, if you find from the evidence that his acts were fraudulent as to such creditors and (were) such as to arouse suspicions of a fraudulent intent on his part in the mind of a man of ordinary mental capacity, then I charge you that it was the duty of plaintiff to satisfy himself of the integrity of the transaction on the part of Mann before making any purchase, and that if he failed to do so you may reasonably presume that he participated in the fraud of Mann."

As an abstract legal proposition this instruction is erroneous in assuming, as it does, that plaintiff Greenwell had notice of the fraudulent acts of Mann. The evidence was sufficient to authorize the giving of a proper instruction on this point.

It is well settled, in actions of this character, that whenever the evidence shows that a sale is made by the vendor with the intent to hinder, delay and defraud creditors, to a purchaser having knowledge of such intent, the sale is void.

The knowledge to be brought home to the purchaser need not be actual, positive information or notice. The jury may, in order to determine whether the purchaser had knowledge of the fraudulent intent of the vendor, take into consideration the acts and declarations of the respective parties and all the facts and circumstances surrounding the sale (*Thomas* v. *Sullivan, ante*; Craig's Administrator's Appeals, 77 Penn. St. 448), and if the knowledge of the purchaser, from the evidence thus presented, is sufficient to put him upon inquiry, then the jury would have the right to infer that he had knowledge of the fraudulent character of the transaction. (*Humphries* v. *Freeman,* 22 Tex. 45; *Atwood* v. *Impson,* 20 N. J. Ch. 151; *Strauss* v. *Kranert,* 56 Ill. 254; *Ringgold* v. *Waggoner,* 14 Ark. 69.) This rule is applied even in cases where the proofs show that the purchaser has paid a full consideration for the property. (*Green* v. *Tantum,* 19 N. J. Eq. 105; *Tantum* v. *Green,* 21 N. J. Eq. 364; *Wright* v. *Brandis,* 1 Carter, Ind. 336; *Stoval* v. *The Farmers' and Merchants' Bank of Memphis,* 8 S. & M. 306.

LEONARD, J., having been of counsel in the court below, did not participate in the foregoing decision.