[No. 14340.   Department One. — September 3, 1891.]

ELLEN CARTY, APPELLANT, *v.* PATRICK CONNOLLY,
RESPONDENT.

DEEDS — CONSTRUCTIVE FRAUD — UNDUE INFLUENCE — INADEQUACY OF CON-
SIDERATION — PAROL EVIDENCE TO VARY CONSIDERATION — LOVE AND
AFFECTION. — Where a deed is sought to be set aside on the ground of
constructive fraud and undue influence, claimed to be evidenced by gross
inadequacy of consideration, the grantee, or those claiming under him,
may show that the true consideration was different from that named in
the deed, in species.

ID. — VALUABLE CONSIDERATION — ASSUMPTION OF MORTGAGE BY GRANTEE.
— A promise by a grantee of land to pay off a mortgage upon the land,
made by the grantor to a third party, is a valuable consideration for the
conveyance.

ID. — VOLUNTARY CONVEYANCE DURING LAST ILLNESS. — A person of per-
fect mental capacity, acting freely and voluntarily, who is sick with
mortal illness, is as competent to make a voluntary conveyance of his
property as when in perfect health, even though such conveyance might
seem unreasonable, unjust, and unnatural.

ID. — PRESUMPTION — GIFT CAUSA MORTIS — TESTAMENTARY DISPOSITION.
— Where a sister, during her last illness, executed and delivered an ab-
solute deed of land to her brother, who was the equitable owner of part
thereof, in consideration of her love and affection for him, and of his
assumption of a mortgage upon the land given by her, and the brother
accepted the deed, the title thereupon vested in the grantee; and the fact
that the deed was executed while the grantor was on what she knew to be
her death-bed, and that she executed it in view of the circumstances sur-
rounding her, does not raise the implication that the transfer was in the
nature of a gift *causa mortis*, or that the instrument was intended as
a last will and testament.

ID. — CONSTRUCTIVE FRAUD — PHYSICAL WEAKNESS — CONVEYANCE TO ONE
OF SEVERAL RELATIVES. — The fact that the grantor was in a weak phys-
ical condition at and prior to the date of the execution of the deed, and
that she transferred all her property to one brother who was living with
her at the time, to the exclusion of other brothers and sisters who were
residing in distant places, does not show constructive fraud, where it
appears that the grantor, at the date of the deed, was in the full pos-
session of her faculties, thoroughly understood what she was doing,
and made the deed voluntarily and without any solicitation, coercion,
influence, or persuasion, but because it was her uninfluenced desire to
do so.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Henley, Swift & Rigby, W. W. Foote,* and *James D. Thornton,* for Appellant.

No disposition of the estate of a person, made in anticipation of death, and designed to control the succession, is valid, or can be upheld by the courts of this land, especially if it be real estate, unless proved as a will. (Redfield's Leading Cases on Wills, 701; *Meach* v. *Meach,* 24 Vt. 591; 8 Am. & Eng. Ency. of Law, 1342; *Curtis* v. *Barrus,* 38 Hun, 166.) Wherever, in a transaction, a pecuniary consideration is stated in a paper which is impeached, the party cannot, in defense, show a consideration of love and affection. (Pomeroy's Eq. Jur., sec. 928, note 1; *Bridgeman* v. *Green,* 2 Ves. Sr. 627; *Bennett* v. *Solomon,* 6 Cal. 138; *Coles* v. *Soulsby,* 21 Cal. 51, 52.) Constructive fraud was apparent from the intrinsic nature and subject of the transaction itself. (Pomeroy's Eq. Jur., secs. 925–928.) Constructive fraud was also to be inferred from the conditions and relations of the immediate parties to the transaction. (Pomeroy's Eq. Jur., sec. 955; *Huguein* v. *Baseley,* 2 White and Tudor's Lead. Cas. Eq. 1156–1290; 14 Ves. 299; *Haydock* v. *Haydock,* 34 N. J. Eq. 570; 38 Am. Rep. 387; *Richards* v. *Donner,* 72 Cal. 207; *Moore* v. *Moore,* 56 Cal. 89; *Allore* v. *Jewell,* 94 U. S. 506.)

*Stephen M. White,* for Respondent.

The legal effect of the execution and delivery of a deed, for the purpose of passing the title, is not changed by the fact that one object of the transaction was to save the expense and trouble of administering the grantor's estate after his death, and that the grantee, who was the grantor's wife, placed the deed without delivery where her husband, equally with herself, could have access to it. (*Le Saulnier* v. *Loew,* 53 Wis. 207; *Hinson* v. *Bailey,* 73 Iowa, 544; 5 Am. St. Rep. 700; *Fain* v. *Smith,* 14 Or. 82; 58 Am. Rep. 281; *Olmstead* v. *Smith,* 87 Mo. 602; *Ball* v. *Foreman,* 37 Ohio St. 132; *Belden* v. *Carter,* 4 Day, 66; 4 Am. Dec. 185.) Where a grantor signs and acknowledges a deed, and deposits it with a third person,

to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or recall the instrument, if the deed is afterwards delivered to the grantee, the title passes and the deed ordinarily takes effect by relation as of the date of the first delivery. (*Goodpaster* v. *Leathers,* 123 Ind. 121.) It being established that the deed was delivered, appellant cannot be allowed to show or claim that the delivery was conditional, or that the instrument was made for any other purpose than as shown upon its face.' (*Mowry* v. *Heney,* 86 Cal. 471–475; Devlin on Deeds, sec. 314.)   There is no merit in appellant's claim that whenever a pecuniary consideration is stated in a paper which is impeached, the party claiming under it cannot show a consideration different in species, such as love and affection, etc. (*Coles* v. *Soulsby,* 21 Cal. 52; *McCrea* v. *Purmort,* 16 Wend. 460–471; 30 Am. Dec. 103; *Barker* v. *Koneman,* 13 Cal. 1; *Peck* v. *Brummagim,* 31 Cal. 441; 89 Am. Dec. 195; *Woods* v. *Whitney,* 42 Cal. 358; *Higgins* v. *Higgins,* 46 Cal. 263; *Fontaine* v. *B. S. Ins. Co.,* 57 Mo. 552; *Scheunert* v. *Kaehler,* 23 Wis. 523; *Rockhill* v. *Spraggs,* 9 Ind. 32; 68 Am. Dec. 607; *Jones* v. *Noe,* 71 Ind. 368; *Meeker* v. *Meeker,* 16 Conn. 383; *Featherstone* v. *Dagnell,* 29 S. C. 45; *Lewis* v. *Brewster,* 57 Pa. St. 414; *Potter* v. *Everitt,* 7 Ired. Eq. 152; *Gordon's Heirs* v. *Gordon,* 1 Met. (Ky.) 288; *Peck* v. *Vandenberg,* 30 Cal. 57; *Rhine* v. *Ellen,* 36 Cal. 370.)   The general rule is, that the recital of payment of consideration for a conveyance of land may be contradicted, provided it is not sought by the evidence offered for that purpose to impair the effect of the deed as a conveyance. (*Morris* v. *Tillson,* 81 Ill. 608, 616. See also *Goward* v. *Waters,* 98 Mass. 598; Code Civ. Proc., sec. 1962, subd. 2.)   The promise to pay the debt due from the grantor to a third party is a valuable consideration.   (*Gladwin* v. *Garrison,* 13 Cal. 332; *Saunderson* v. *Broadwell,*ₒ 82 Cal. 133.)

GAROUTTE, J. — This is an equitable action by the plaintiff, a sister of the defendant, asking that a certain

deed to the premises described in the complaint be set aside, upon the ground that at the time it was executed by Mary Connolly, another sister of defendant, she was acting under undue influence, and was also of such feeble mind as to be unable to understand the nature of the transaction.

Upon August 26, 1887, Mary Connolly sustained serious injuries from an accidental burning, from which injuries her death resulted upon the thirteenth day of the following month. The deceased and her brother Patrick, the defendant, had resided upon the land in dispute for many years, and it had been acquired by their mutual efforts. The legal title to the entire property was vested in Mary, though Patrick had paid for one half of it and was the equitable owner thereof. At the time of the transfer to Patrick, which was the seventh day of September, a mortgage rested upon the property in the sum of fourteen thousand dollars, which by the terms of the deed the respondent assumed to pay. The value of the realty was fifty-six thousand dollars, and there was no pecuniary consideration for the transfer, other than the assumption of the payment of the aforesaid mortgage. The deceased died intestate, and the plaintiff is one of the heirs at law.

Findings of fact were entered in favor of the defendant, and plaintiff has appealed from the judgment and order denying her motion for a new trial. The grounds upon which she relies to set aside this conveyance are, — 1. Constructive fraud; 2. Undue influence.

Constructive fraud is defined by section 1573 of the Civil Code to consist,—"1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud." The foregoing definition is in substantial accord with the views of standard authors upon the question.

Appellant insists that constructive fraud is apparent in this transaction from the gross inadequacy of the consideration. The pecuniary consideration recited in the deed is five dollars, and if we understand appellant's position, it is, that where a deed is attacked upon the ground of inadequacy of consideration, the party in defense of the deed will not be allowed to show the true consideration to be love and affection; or in other words, a consideration *different* in *species* cannot be proved. There is no merit in appellant's position upon this point, and the case of *Coles* v. *Soulsby*, 21 Cal. 51, cited in her brief, is conclusive against her. In that case, referring to this identical question, the court says: " It is not a valid objection to the admissibility of the evidence that it showed a consideration different from that expressed in the deed. The consideration clause of a deed is not conclusive. It estops the grantor from alleging that he executed the deed without consideration. It cannot be contradicted so as to defeat the operation of the conveyance according to the purposes therein designated, unless it be on the ground of fraud; but with this exception, it is open to explanation, and may be varied by parol. A limitation, it is true, is placed by some adjudicated cases upon the character of the proof admitted; that it must be restricted to establishing a consideration of the same species with that expressed (citing cases). The limitation, however, does not appear to rest upon any sound principle." In addition, it might be added, the defendant, grantee in the deed, assumed the payment of a fourteen-thousand-dollar mortgage; and a promise to pay the debt due from the grantor to a third party is a valuable consideration. (*Gladwin* v. *Garrison*, 13 Cal. 332; *Saunderson* v. *Broadwell*, 82 Cal. 133.)

The trial court found that the consideration for the deed to defendant was love and affection and the assumption of the aforesaid mortgage. There is nothing either in the facts or the law to undermine the force and effect of such finding.

Appellant insists that the deed is of a testamentary character, and is inoperative unless proved as a will, — in other words, the transaction was in the nature of a *donatio causa mortis*, — and insists that the following allegation of respondent's answer is an admission to that effect: "That on the seventh day of September, 1887, said deceased, believing that an injury from which she was then suffering would terminate fatally, and for the purpose of fully conveying to this defendant all of the interest in said property, which was his as a matter of right, and for the purpose of further vesting in him all her interest in said property, did, in consideration of the premises, and in view of the circumstances surrounding said deceased and this defendant, make, execute, and deliver to defendant a grant," etc.

We have serious doubts whether the complaint is broad enough to justify such proof. The theory of the complaint is, that the deceased had not sufficient mental capacity to make the deed, and was acting under undue influence at the time; and no intimation can be found in any allegation thereof that the delivery of the deed was incomplete, or that the transfer was in the nature of a gift *causa mortis*, or that the instrument was intended as a will; but aside from that, this allegation of the answer does not justify the effect insisted upon by appellant, and certainly is not sufficient to raise the implication, that in case of a recovery from such illness the deed was to be void, or in case of death the instrument was to be deemed and treated as a last will and testament.

The authorities are not in line with such conclusion, and we might advance our position to the point of saying that we know of no reason, either in equity or law, why a person of perfect mental capacity, acting freely and voluntarily, who is sick with mortal illness, is not entirely competent to make a voluntary conveyance of his property as fully and completely as when experiencing the enjoyments of perfect health, even though such conveyance should seem to the world unreasonable, unjust, and unnatural. It is not a question of physical condi-

tion, of pain or absence of pain, of long life or short life, but it is a question of mental capacity and the free and untrammeled action of the mind. Those are the ultimate facts, and the belief existing in the grantor's mind that he is suffering from a mortal illness is but an incident throwing whatever light it may possess upon the true solution of the ultimate facts, and the power and brightness of that light will fluctuate with the varied circumstances and surroundings of each particular case.

The findings of the court are full and complete, and upon this branch of the case under present investigation the court found: "She [meaning the grantor] executed said deed to said defendant in consideration of the love and affection she bore him, and because it was her will and wish that he should own in fee-simple the whole of the property therein described, and that he should *then and there* acquire an indefeasible title thereto." And again the court found: "There was no expressed reservation either in said deed or by words used at the time of delivery, or prior or subsequent to the execution thereof, of any right in or to the property conveyed, conditioned upon the grantor's recovery or otherwise. Nor was there any reservation of any character with reference to the operation of said deed, but the same was, upon being executed, duly delivered to the defendant and accepted by him, and the title to all the property therein described did thereupon vest in said defendant."

The foregoing findings are fully supported by the evidence, and completely dispose of this question, although, if authority were necessary, the case of *Mowry* v. *Heney,* 86 Cal. 471, and the authorities therein cited, conclude the subject.

If we clearly understand appellant's third position, it is, that constructive fraud should be inferred in this case from the fact of the physical weakness of the deceased at and prior to the date of the deed; that she transferred all her property to the one brother who was living with her at the time, to the injury of brothers and sisters who were residing in distant places; indeed, that constructive

fraud should be inferred from the conditions and relations of the immediate parties to the transaction.

The law, upon this subject of constructive fraud, so far as it bears upon the questions involved in this case, is clearly and concisely stated in Pomeroy's Equity Jurisprudence, volume 2, section 928:—

"The fact that a conveyance or other transaction was made without professional advice or consultation with friends, and was improvident, even coupled with an inadequacy of price, is not of itself a sufficient ground for relief, provided the parties were both able to judge and act independently, and did act upon equal terms, and fully understood the nature of the transaction, and there was no undue influence or circumstance of oppression. When the accompanying incidents are inequitable, and show bad faith, such as concealments, misrepresentations, undue advantage, oppression on the part of the one who obtains the benefit, or ignorance, weakness of mind, sickness, old age, incapacity, pecuniary necessities, and the like, on the part of the other, these circumstances, combined with inadequacy of price, may easily induce a court to grant relief, defensive or affirmative. It would not be correct to say that such facts constitute an *absolute* and *necessary* ground for equitable interposition. They operate to throw the heavy burden of proof upon the party seeking to enforce the transaction, or claiming the benefits of it, to show that the other acted voluntarily, knowingly, intentionally, and deliberately, with full knowledge of the nature and effects of his acts, and that his consent was not obtained by any oppression, undue influence, or undue advantage taken of his condition, situation, or necessities. If the party upon whom the burden rested should succeed in thus showing the perfect good faith in the transaction, it would be sustained; if he should fail, equity would grant such relief, affirmative or defensive, as might be appropriate."

In this case the court found, among other things: "The deceased, at the time of the execution of the deed last named, was in full possession of her mental faculties, and

thoroughly understood what she was doing; made said deed voluntarily, and without any solicitation, coercion, influence, or persuasion; nor was said deceased, at the time of the making of said deed, or ever, under the control or dominion of this defendant, or of any one, nor under any duress or fear occasioned by or through him, or otherwise, but she was at such time perfectly free, and knew she was perfectly free, to do what she wanted, and she did make said deed acting for herself, and because it was her uninfluenced desire so to do."

There were other findings of a similar import, and they were all supported by the evidence which largely preponderated in their favor.

Under the law as laid down by Pomeroy, *supra,* when taken in connection with the findings of the court, which are warranted by the evidence, we conclude that the element of constructive fraud is no longer in the case, and as to actual fraud in the matter of undue influence, the record fails to disclose it either in the evidence or findings.

We have examined the errors of law relied upon by appellant as having occurred during the progress of the trial, and find them not well taken.

Let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.