.S. W. MORRISON ET AL., RESPONDENTS, *v.* INTER-MOUNTAIN SALT CO. ET AL., APPELLANTS.

MECHANIC'S LIEN—PLEADINGS—WHEN LIEN ATTACHES.

1. Plaintiffs, as sub-contractors, pursuant to the act of the territorial legislature, approved March 12, 1890, filed and served notice of intention to claim a lien on property owned by appellant, and brought suit to foreclose the lien, making no averment in the complaint of the exact amount of the contract between the owner and the original contractor, nor of the payments made under such contract, the same not being of record. *Held,* changing the rule laid down in *Teahen* v. *Nelson,* 6 Utah 363, that in cases where the original contract is not of record it is not necessary in the pleadings to make averments of the exact amount of such contract, nor is the

sub-contractor required to make positive averments of the payments made under the original contract.

2. The doctrine laid down in *Morrison* v. *Carey-Lombard Co.*, 9 Utah 70, as to when such liens attach, is here affirmed.

(No. 739. Decided Oct. 31, 1896.)

Appeal from the Third district court, Salt Lake county. Hon. M. L. Ritchie, *Judge.*

Action by S. W. Morrison and others against the Inter-Mountain Salt Co. and others to foreclose a sub-contractor's lien. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Richards & Richards,* for appellant.

*J. M. Bowman,* for respondents.

BARTCH, J.:

It appears that the Inter-Mountain Salt Company, the appellant herein, was the owner of a certain parcel of land, and contracted with D. W. Gamble to erect a storehouse and factory thereon for the manufacture of salt, and that the plaintiffs, under contract with Gamble, furnished certain materials, which were actually used in the construction of the buildings. Gamble failed to make full payment for the materials, and the plaintiffs, as sub-contractors, pursuant to the act of the territorial legislature approved March 12, 1890, filed and served notice of intention to claim a lien on the property. This suit was brought to foreclose the lien. Josiah C. Williams and John Anderson were made parties defendant, and in their answers set up sub-contractors' liens on the same property. After hearing the case, the court rendered judgment against the appellant company and in favor of the

plaintiffs and defendants, Williams and Anderson, who are also respondents herein. The appellant insists that the complaint does not state a cause of action. This question was raised at the trial by an objection to the introduction of any testimony, and the point most strongly urged in support of the objection is that there is no allegation of the amount due from the owner to the contractor at the date when the first material was furnished, and the case of *Teahen* v. *Nelson,* 6 Utah 363, is relied on. It was there held "that the complaint should contain an allegation of the amount of the contract with the owner, less any payment for labor performed and materials furnished under the same, made before the plaintiff commenced work or the delivery of materials on his sub-contract." This rule was declared under the law as it stood prior to the act of 1890, when very material changes were made respecting mechanics' liens. If, under that act, the rule should be strictly and literally enforced in the case of sub-contractors, the object of the law would, doubtless, in many cases, be defeated, because by collusion the owner and principal contractor could withhold from the sub-contractor the terms of the original contract, or any information in relation thereto, he not being a party to such contract. In cases where such contract is not of record, the sub-contractor is not in position to know the amount thereof. Nor is he in a position to know what payments have been made thereunder. In this case it was alleged in the complaint that at the time of "serving the notice of lien there was due the said Gamble, upon said contract, from the said Inter-Mountain Salt Company, as plaintiffs are informed and verily believe, the sum of one thousand dollars or more." It is true this allegation is based on information and belief, but, the plaintiffs being sub-contractors, we cannot assume that they had positive knowledge of the exact amount due, and

therefore cannot hold it bad for that reason. Nor is it alleged in express terms that $1,000 or more was due at the time the first material was furnished by the plaintiffs, but, if such amount was due, as alleged, when notice of lien was served, it is fair to assume that it was due when the first material was furnished. While the allegation in question shows careless pleading, which should not be encouraged, still we are of the opinion that it was sufficient for the purpose of a general objection that the complaint did not state a cause of action. The complaint was doubtless subject to demurrer for being uncertain, but not subject to general demurrer on the ground that it stated no cause of action, and therefore not subject to the general objection interposed.

We are also of the opinion that the rule declared in *Teahen* v. *Nelson* should be so modified as not to require sub-contractors, in cases where the original contract is not of record, to make positive averments in the pleadings of the amount of such contract, and to be further modified so as not to require a sub-contractor to make positive averments of the payments made under the original contract.

The evidence relating to the dates when the first and last materials were furnished, and that showing the amount due from the owner at the time when the first material was furnished or first labor performed by the respondents, was properly admitted under the circumstances and pleadings in this case.

The question as to when such liens attach under the act of 1890 was fully considered in the case of *Morrison* v. *Carey-Lombard Co.*, 9 Utah 70, and we have no disposition to depart from the doctrine therein announced. There appears to be no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.