[Civ. No. 855.   First Appellate District.—August 28, 1911.]

CHRISTENSON LUMBER COMPANY, a Corporation, Appellant, v. C. F. BUCKLEY and J. A. PERSSON, Respondents.

Nonsuit—Rule Requiring Stated Grounds—Reason for Rule—Correction of Defects—Exception.—As a rule, the trial court should not grant a motion for a nonsuit, in the absence of stated grounds for the motion. The reason for such rule is to afford to the plaintiff an opportunity to correct any defects of pleading or of proof.

But this reason does not apply where the defects could not be remedied, even if specifically pointed out; and in such case the error of not specifying the grounds of the motion is immaterial.

ID.—IMPROPER NONSUIT—ACTION TO ENFORCE LIEN FOR MATERIALS—NOTICE TO OWNER—CORRECTION OF VARIANCE.—In this action to foreclose a lien for materials furnished to a contractor, after notice to the owner of the building to withhold the money due therefor from the owner to the contractor, it is held that it was prejudicially erroneous to grant a nonsuit of the plaintiff, in the absence of stated grounds for the motion; and that, if it had been specified as a ground of the motion that there was a variance between the complaint and the proof as to the contract, the trial court should have exercised a proper discretion to correct the defect by an amendment of the complaint to conform to the proof.

ID.—ANSWER ADMITTING VALID CONTRACT—IMMATERIAL VARIANCE.—The answer does not deny that a valid contract was entered into between the parties for the building work in question, and where the contract offered and received in evidence is not materially different from the contract pleaded in the complaint, the only difference being as to the price to be paid for the work, the variance is not material.

ID.—UNRECORDED CONTRACT—PLAINTIFF'S CAUSE OF ACTION NOT REQUIRING ACCURACY.—Inasmuch as the contract between the contractor and the owner was not recorded, it was not essential to the plaintiff's cause of action to aver the exact amount of the contract.

ID.—VARIANCE NOT MISLEADING.—Where it does not appear how the variance between the pleaded and the proved contract could have misled or prejudiced the defendant in the preparation of his defense, the variance must be treated as immaterial on that ground.

ID.—LEGAL EFFECT OF NOTICE TO WITHHOLD NOT DISPROVED.—The trial court was not bound by a general statement of the defendant that he "had performed all his obligations in full" to the contractor, prior to receiving the notice to withhold any money that might be due to him under the contract, which was but a conclusion of the witness, in direct conflict with his further testimony that "he paid the last payment by note," payable five days thereafter, which note was given seven days after service upon the owner of notice to withhold payment from the contractor of the sum due for the materials furnished by the plaintiff.

ID.—CONFLICT OF EVIDENCE—EVIDENCE TENDING TO PROVE PLAINTIFF'S CASE—NONSUIT NOT PERMISSIBLE.—Where there is a conflict of evidence, a motion for a nonsuit should never be granted; and if there is any substantial evidence tending to prove the facts necessary to make out a case, the plaintiff is entitled to a trial on the merits.

ID.—OFFER BY PLAINTIFF TO PROVE ORAL MODIFICATION OF WRITTEN CONTRACT — IMPROPER REJECTION.—An offer of the plaintiff to

prove an oral modification of the written contract, when the written contract was signed by the architect and agent of the owner, that "if the board of public works would not approve the wooden roof [specified in the writing], a metal roof would be put on," was improperly rejected by the court, because the proffered testimony was relevant and material, and also because no grounds of objection were stated to the offer of proof.

ID.—PROMISE OF COURT AS TO OFFER OF PROOFS.—The court erred in refusing an offer of proof of its own motion, where no grounds of objection thereto were urged by the party against whom the offer was made.

ID.—EXCEPTION TO RULE AS TO PAROL EVIDENCE—STRANGERS TO WRITING.—The general rule that oral evidence is not admissible to vary a written contract applies only to those who are parties to the contract and their representatives; but that rule has no application to preclude strangers to the writing from introducing oral testimony of the actual facts of the transaction which may have a bearing upon their interests.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Chas. M. Bufford, for Appellant.

Sullivan & Sullivan, and Theo. J. Roche, for Respondents.

LENNON, P. J.—This is an appeal from a judgment of nonsuit.

The admitted facts of the case, as evidenced by the pleadings and the stipulation of counsel for the respective parties, are these:

The defendant Buckley in the month of June, 1908, employed the defendant Persson, a contractor and builder, to repair and alter a dwelling-house owned by Buckley, which had been partially destroyed by fire.   No formal written contract was executed by Buckley and Persson, but prior to commencing work on the building Persson made, signed and delivered to the agent of Buckley a memorandum of agreement, wherein Persson "Certified" that he would do all the work on the residence of the defendant Buckley as per accompanying signed specifications for the sum of $636.

The signed specifications referred to in the memorandum of agreement, among other things, required Persson to "frame out roof with new rafters to conform with old lines. Same to be boarded on top and reshingled. . . . "

During the progress of the work Persson purchased from the plaintiff lumber and materials to be used, and which were actually used, in the repair and alteration of said dwelling, and not having been paid the full price therefor, on the ·fourth day of August, 1908, the plaintiff caused to be left at the residence of the defendant Buckley with a person in charge thereof a notice directed to Buckley, setting forth that plaintiff's account against defendant Persson amounted to $83.79, and requesting Buckley to withhold that amount from defendant Persson. Said notice was sufficient to put defendant Buckley on inquiry as to plaintiff's having furnished lumber and materials to defendant Persson, for use, and which were actually used, in the repair and alteration of said dwelling, and stated as well the kind, grade and value of the lumber and materials so furnished.

It was alleged in the plaintiff's complaint that at the time of the service of the notice just referred to there was due and unpaid from the defendant Buckley to the defendant Persson for and on account of the work done under the agreement to alter and repair a sum of money more than sufficient to pay the plaintiff's demand in full, but that the defendant Buckley ignored said demand and refused to withhold the amount in the notice specified and claimed to be due the plaintiff.

Incidentally, it should be mentioned that the plaintiff, upon information and belief, alleged in the complaint that the contract price of the work as originally agreed upon by Buckley and Persson was in excess of $1,000; that the contract had never been recorded, and that within the time allowed by law the plaintiff had filed for record its claim of lien, in the ordinary form, for the balance alleged to be due plaintiff for the lumber and materials furnished the defendant Persson and by him actually used in the repair and alteration of the building.

Upon these pleaded and admitted facts plaintiff sought to recover a personal judgment against both defendants for

the balance claimed to be due it, and to enforce its lien against the property.

No appearance was entered for the defendant Persson, and the record is silent as to whether or not he was ever served with summons in the action. However, the defendant Buckley answered, and among other things denied that, at the time plaintiff gave defendant Buckley the notice hereinbefore referred to, there was due and unpaid to the defendant Persson, on the contract in question, any sum of money whatsoever, and alleged that, as subsequently appeared in evidence, the original contract price of the work was less than $1,000.

The case was tried upon the theory, as stipulated by counsel for plaintiff and defendant, that every material allegation of plaintiff's complaint was true save and except the allegations that the amount of the original contract price was in excess of $1,000, and that at the time of the notice to Buckley there was due to Persson a sum of money more than sufficient to pay the claim of plaintiff.

At the trial the plaintiff called the defendant Buckley as a witness in its behalf, and he testified in effect that at the time he received the notice to intercept any payments that might be due to Persson the work originally specified and contracted for had been completed and the contract price therefor paid to Persson in full. It was developed, however, during the course of the examination of this witness that when the work on the roof of the building was first completed it was discovered that a shingled roof as originally specified was contrary to the fire ordinances of the city and county of San Francisco, and upon demand of representatives of the fire department the shingled roof was removed by Persson and a metal roof substituted. The witness further testified that for the entire work upon the building he paid Persson the sum of $1,377 in the following installments: June 27, 1908, by check $500; July 17, 1908, by check, $400; on August 11, 1908, by check, $200, and on August 11, 1908, by a promissory note payable thirty-five days thereafter, $277.

Buckley claimed that the payment of $200 was made on account of the extra work involved in substituting a metal roof for the completed shingle roof, and that this work was not included in or contemplated by the original contract.

The memorandum of agreement hereinbefore referred to was identified by Buckley and admitted in evidence as a part of the plaintiff's case; and then the architect and agent of the defendant Buckley, J. R. Miller, was called as a witness for the plaintiff. By him the plaintiff offered to show that the written memorandum of agreement did not contain all of the negotiations of the parties to the contract, but that, on the contrary, they had further agreed, orally, that "if the board of public works would not approve the wooden roof a metal roof would be put on." No formal objection was made to this offer of proof by counsel for the defendant, but the court of its own motion refused to admit the evidence upon the ground that it was an attempt to vary by parol the terms of a written instrument.

Thereupon the plaintiff submitted its case, and the defendant asked for a nonsuit. No grounds for a nonsuit were stated, and the record does not show that the request for a nonsuit was disposed of at the time it was made. To be exact, the court, in response to the request of defendant's counsel for a nonsuit, said, "I think you are entitled to it, but I don't wish to dispose of the matter that way." It would be a fair inference from the quoted language of the court that the request for a nonsuit had been denied; but some forty days later the trial court, apparently under the impression that it had previously granted a motion for a nonsuit, entered an order which in part recited that "the attention of the court having been called to the fact that the judgment of nonsuit heretofore on the nineteenth day of November, 1909, in said cause in favor of defendant C. F. Buckley had not been entered by the clerk in the minutes of the court, the court orders that said judgment of nonsuit be entered *nunc pro tunc* as of the nineteenth day of November, 1909."

This was in effect an order granting defendant's motion for a nonsuit, and, as the judgment must be reversed for other reasons, it will not be necessary for us to decide the point as to whether or not the record supports the court's *nunc pro tunc* entry of a judgment which, it is claimed, was never given or made in the first instance.

No definite and distinct reason was given by the trial court for nonsuiting the plaintiff; but it is defendant's con-

tention that the plaintiff was properly nonsuited because of a variance in the contract price of the work, as pleaded, and that proved upon the trial. It is further insisted in support of the judgment that the evidence offered upon the plaintiff's case affirmatively and conclusively establishes the fact that the work originally specified and contracted for had been completed and paid for in full before the defendant Buckley was served with notice to withhold any money which might be due to the defendant Persson under the contract.

There is no merit in either of these contentions. In the first place, it was error for the court to grant the motion for a nonsuit in the absence of stated grounds to support the motion.

The reason for the rule requiring the grounds of a motion for a nonsuit to be stated is to afford the plaintiff an opportunity to correct any defects of pleading or proof which admit of correction. It is true that this reason does not apply in a case where such defects could not be corrected even if specifically pointed out, and in such a case the error of not specifying the grounds of the motion is immaterial. (*Daley* v. *Russ*, 86 Cal. 114, [24 Pac. 867].) But in the case at bar it is plain that if the defendant had specified as a ground of his motion for a nonsuit that there was a variance between the proof and the pleadings, the matter could have been easily corrected by a motion to amend the pleadings to conform to the proof, which we feel certain the trial court, in the exercise of a wise discretion, would have granted.

But aside from this, the defendant's answer does not deny that a valid contract was entered into between the parties for the work in question, and the contract offered and received in evidence is not materially different from the contract pleaded in the plaintiff's complaint. The only difference is as to the price to be paid for the work; but inasmuch as the contract between Buckley and Persson was not recorded, it was not essential to the plaintiff's cause of action to aver the exact amount of the contract. (*Morrison* v. *Gamble*, 14 Utah, 201, [46 Pac. 1104].) And as it is not apparent how the variance between the pleaded and proven contract could have misled or prejudiced the defendant in

the preparation of his defense, the variance must be treated as immaterial. (Code Civ. Proc., sec. 469.)

The trial court was not bound by the statement of the defendant Buckley that he "had performed all his obligations in full to Persson" prior to receiving the notice to withhold any money that might be due to Persson under the original contract. This at best was but the conclusion of the witness, and was in direct conflict with his further testimony that he "paid the last payment by note," dated August 11, 1908, and seven days after the service upon him of the notice to withhold any moneys due to the defendant Persson.

Where there is a conflict in the evidence a motion for a nonsuit should never be granted, and "if there is any substantial evidence tending to prove the facts necessary to make out a case, the plaintiff is entitled to a trial upon the merits." (*Estate of Arnold,* 147 Cal. 583, [82 Pac. 252].)

The proffered testimony of the witness Miller was relevant and material. No grounds of objection were stated to the offer of proof, and for this reason alone the action of the court in rejecting the evidence was erroneous. (*San Luis Water Co.* v. *Estrada,* 117 Cal. 185, [48 Pac. 1075].) Apart from this the rule that parol evidence is never admissible to alter, add to or vary the terms and conditions of a written instrument does not apply to the facts of this case. The rule applies only to those who are parties to the writing, and binds only them and their representatives. It does not preclude strangers to the writing from introducing oral testimony of the actual facts of the transaction which may have a bearing upon their interests. (*McMasters* v. *Insurance Co.,* 55 N. Y. 222, [14 Am. Rep. 239]; *Smith* v. *Moynahan,* 44 Cal. 53; *Dunn* v. *Price,* 112 Cal. 46, [44 Pac. 354]; *Bickerdike* v. *State,* 144 Cal. 691, [78 Pac. 270]; Code Civ. Proc., sec. 1856.)

The judgment is reversed.

Kerrigan, J., and Hall, J., concurred.