LANDECKER v. HOUGHTALING, ADMINISTRATOR.

Testimony showing a fraudulent design in a vendor of goods, is admissible under the allegations of an answer charging that the sale was made to defraud creditors, although it does not connect the purchaser with the fraud, or show that he was cognizant of such fraudulent design.

Such testimony would not of itself vitiate the sale to an innocent purchaser without notice and for a valuable consideration; but the fraudulent intent of the vendor being established, the jury must determine from the circumstances of the case, whether the purchaser participated in the fraud.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was an action to recover the value of a stock of goods taken by W. W. Wright, defendant's intestate. The defendant justified the taking as sheriff of Nevada county, under attachment process against one Hertzinger, the vendor of plaintiff, and set forth in his answer that the goods at the time of the seizure were not the property of plaintiff, but that they belonged to Hertzinger, who had made a sham and fraudulent sale thereof to plaintiff for the purpose of cheating his creditors, and that plaintiff was aware of such fraudulent intention on the part of Hertzinger, and that no valuable consideration passed between plaintiff and Hertzinger for the goods. On the trial of this cause, the defendant offered to show by witness Neville, " that Hertzinger had attempted to make fraudulent conveyances of his property to him and others at divers times previous to the sale to plaintiff." Plaintiff objected to the question, unless it.was proved that plaintiff had notice of the said Hertzinger's attempts to sell. The Court admitted the testimony, under the exception of plaintiff's counsel. The testimony, as to the "*bona fides*" of the sale to plaintiff, was conflicting. The jury found a verdict for defendant, on which judgment was entered. After judgment, the death of Wright having been suggested, the Court, on motion, substituted C. K. Houghtaling, his administrator, as defendant. This appeal was taken by plaintiff from the judgment.

*McConnell & Steuart* for Appellant.

*Buckner & Hill, and H. Meredith,* for Respondent.

TERRY, J., delivered the opinion of the Court—MURRAY, C. J., and BURNETT, J., concurring.

This is an action against a sheriff for the seizure and detention of certain goods which are claimed by plaintiff. Defendant justified under process against one Hertzinger, the plaintiff's vendor, and alleged that the sale to plaintiff being intended to hinder, delay, and defraud the creditors of the vendor, was void, under the Statute of Frauds.

Upon this issue the jury found for defendant, and from the judgment entered on the verdict the plaintiff appeals.

Two points are made in the argument of appellant:

First, the Court erred in allowing defendant to prove by one Neville that, before the sale to plaintiff, Hertzinger proposed to make a fraudulent sale of a portion of his property to witness.

Second, That the verdict is not sustained by the evidence.

We think the testimony was properly admitted. To support allegation of the answer it was necessary to show a fraudulent design on the part of the vendor. It is true, that this of itself would be insufficient to vitiate a sale to an innocent purchaser without notice and for a valuable consideration; but the fraudulent intent of the grantor being established, the jury must determine from the circumstances of the case whether the purchaser participated in the fraud.

In Bridge v. Egleston, 14 Mass., 245, a case between a creditor and purchaser from the debtor, a question arose as to the admissibility of evidence to show fraudulent intention in the vendor without connecting the purchaser with it, the Court held that such evidence was admissible. Parker, C. J., in delivering the opinion, says: " To prove fraud in the grantor, his conduct and his declarations before the conveyance may be the best, and is often the only, evidence within the power of the creditor. He, at that time, is not interested, nor can it be his design to injure those with whom he may afterwards contract. If fraud is thus proved upon him, then the knowledge of it on the part of the grantor is to be proved, which may be done by a trifling consideration, or none at all; by acts inconsistent with the *bona fide* ownership of the property; by confessions of the nature of his bargain; or by other circumstances tending to show a knowledge of the designs of the grantor. Without this latter evidence, the former, as to the designs of the grantor, is wholly ineffectual to defeat the purchase; and the jury, under the instructions of· the Court, will always be able to discriminate, so that the purchaser will not be injured by the declarations of the grantor, unless he be proved to have been privy to his fraudulent designs."

The doctrine of Bridge *v.* Egleston was re-affirmed in Foster *v.* Hall, 12 Pick., 90.

The second objection is not supported by the record. The evidence in the statement we think amply sufficient to sustain the judgment; and, indeed, it is difficult to conceive how a jury, from such evidence, could arrive at any other verdict.

Judgment affirmed, with costs.