[No. 946.]

JEROME IVANCOVICH ET AL., APPELLANTS, v. LEOPOLD STERN ET AL., RESPONDENTS.

CLAIM AND DELIVERY OF PERSONAL PROPERTY—PLEADINGS—FRAUD.— S., as constable, levied an attachment upon certain goods as the property of Y. Plaintiffs thereafter brought suit against S. to recover the property. Y. was allowed to intervene. He alleged that plaintiffs, with the intent to defraud him and his creditors, had, upon certain false representations, induced him to execute a bill of sale to them: *Held*, upon a review of the facts, that under the pleadings it was proper to admit evidence as to the alleged fraudulent acts and intention of plaintiffs.

SALE—WHEN FRAUDULENT.—Where a party executes and delivers a bill of sale to another with intent to hinder, delay, or defraud his creditors in the enforcement of their claims, or to secure any benefit to himself at the expense of his creditors, the transaction is fraudulent.

IDEM—WHEN NOT FRAUDULENT.—A debtor has a right to protect his property from being sacrificed, provided he does not do so at the expense of his creditors. Where a sale is made to a party who agrees to immediately pay all the vendor's creditors in full, the transaction is not fraudulent.

IDEM—FRAUDULENT REPRESENTATIONS. — Where Y. was induced to part with his property to I. and C., under the false promise that they would pay all his debts, and prevent his property from being sacrificed, such statements having been made by them for the purpose of misleading and deceiving him, so as to enable them to secure the possession of the property: *Held*, that such a sale would be fraudulent, and that Y. would be entitled to relief upon that ground.

ACTUAL POSSESSION—EMPLOYMENT OF CLERK OF VENDOR.—The mere fact of the re-employment of the clerk of the vendor by the vendees does not render a sale of personal property invalid.

RULE AS TO CONFLICT OF EVIDENCE ENFORCED.

FRAUDULENT SALE.—An instruction which declares that if the sale was actually made with the intention to hinder, delay, and defraud the creditors of the vendor, and the vendee had knowledge of such intention, then the sale was fraudulent: *Held*, correct.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are sufficiently stated in the opinion.

*Ellis & King*, for Appellants.

I. There is no allegation on part of defendant of any fraud, actual or constructive. Defendants can not recover upon that ground. (*Kent* v. *Snyder*, 30 Cal. 666.)

II. The intervenor alleges his own fraud only, or at least a collusive fraud, and is not entitled to recover. (*Allison* v. *Hagan*, 12 Nev. 38.)

III. The representations of Ivancovich could only be mere expressions of opinion, and did not amount to fraud in law. (*Banta* v. *Savage*, 12 Nev. 151.)

*Wells & Stewart*, for Respondents.

By the Court, HAWLEY, J.:

The plaintiffs, claiming to be the owners of, and entitled

to the possession of, the entire stock of merchandise, consisting of fruits, vegetables, etc., "in the store lately occupied by one C. Yantovich," proceeded, in the manner provided by statute for the claim and delivery of personal property, to take possession of the same.

The defendant, Leopold Stern, as constable of Carson township, justifies his possession of the property by virtue of a writ of attachment issued in the suit of *Jacob Tobriner* v. *C. Yantovich & Co.*, and in his answer alleges, among other things, that the plaintiffs hold and possess the property "wrongfully and unlawfully as against the rightful and lawful claims and possession of this defendant."

C. Yantovich was, on motion, allowed to intervene and unite with the defendant Stern in making a defense to the action. In his plea of intervention he alleges that, on the thirty-first day of July, 1877, he was the owner of the personal property mentioned in the complaint; that it was of the value of one thousand four hundred dollars; that he was then indebted to plaintiffs in the sum of about one hundred and thirty dollars, and to one Jacob Tobriner in the sum of one hundred and thirty-nine dollars, and to other parties in various sums, making in all an aggregate of indebtedness of about nine hundred dollars; that on said day the said "plaintiffs, intending to defraud this intervenor, and planning and contriving how they might defraud him, did falsely and fraudulently represent and say to him in substance and effect that his creditors were about to sue him and attach all his said personal property, and that if they did so it would break up his business, take all his property, and not pay all his debts;" that plaintiffs further advised him to sell said property to them to prevent such suits, and proposed in that connection to buy his property, on condition and with the understanding that they, on receipt of the property, would assume and pay all his debts, including that of Jacob Tobriner, and then return the remainder in value, if any, of said property to him; that he believed the statements and representations of the plaintiffs; that he was anxious to pay his debts and to prevent his property from being sold at a sacrifice; that he gave, as he supposed, a bill of

sale of his property to the plaintiffs, "but never read the same or heard it read;" that plaintiffs, without making any inventory thereof, forced him to give them immediate possession of the building where the property was; that they have not paid any of his indebtedness, and that their acts were intended "to wrong, cheat, delay, and defraud him" and his creditors, and "did wrong, cheat, delay, and defraud his said creditors."

The plaintiffs deny these averments, and claim that the intervenor was at the time of the sale indebted to them in the sum of four hundred and ninety-five dollars; that the sale was made "for a good and valuable consideration," and was absolute in its terms.

The testimony—as is usual in cases of this kind—was conflicting upon all the material points.

Special issues were submitted to the jury and the following facts were found : That the sale was fraudulent "as to the creditors of said Yantovich;" that it was fraudulent "as to the said Yantovich;" that the value of the property was one thousand three hundred dollars; that there was not a complete actual delivery of the property by Yantovich to Ivancovich, nor a full or complete possession thereof by them up to the time of the levying of the attachment in the case of *Tobriner* v. *Yantovich,* "except as that possession may be modified in law by the retention by the Ivancovichs of the former clerk of Yantovich;" that Yantovich in making said sale did not intend to hinder, delay, or defraud his creditors; that Nobly, the former clerk of Yantovich, was in the employ of the Ivancovichs, by re-employment at an agreed salary, at and before the levying of the attachment, and that Yantovich, at the time of the sale, was indebted to the Ivancovichs in the sum of four hundred and ninety-six dollars and forty cents.

The court thereupon rendered judgment in favor of the intervenor for the return of the property; that if return could not be made, "plaintiff do pay to defendant the sum of one thousand dollars," * * * the value as stated in plaintiffs' complaint, "less the sum of four hundred and ninety-six dollars and forty cents," amount due them from

Yantovich.   Provision is also made for the payment of the Tobriner judgment.

Upon this statement of facts the several questions raised by appellant may be briefly disposed of:

1. Under the pleadings it was proper for the court to admit the evidence as to the alleged fraudulent acts and intentions of the plaintiffs.

2. The plea of intervention did not allege any fraud on the part of the intervenor.   If his averments and his testimony in support thereof were true, there was no fraud on his part.   The position of appellants, that if any fraud existed it was a collusive fraud, and within the rule announced by this court in *Allison* v. *Hagan*, 12 Nev. 38, and *McCausland* v. *Ralston, Adm'r*, Id. 195, is not upheld by the pleadings or the proofs.

If the purpose of the intervenor in making the bill of sale of his property was to hinder and delay his creditors in the enforcement of their claims, or to secure any benefit to himself at the expense of his creditors, the transaction would be fraudulent under the statute.

The testimony, however, warrants the conclusion that his intention was that the plaintiffs should, on receipt of the goods, immediately pay all his creditors in full, and that the sale was made on that understanding.   If so, the transaction was entirely innocent.

A debtor has an undoubted right, under the law, to protect his property from being sacrificed, provided he does not do so at the expense of his creditors.   If he sells his property in order to raise money to pay his debts his creditors are not defrauded, and this is what the intervenor claims to have done.   There is nothing to prove that he intended to put off the payment of his debts for a single day.   It is true that the sale of his goods was attended by some suspicious circumstances; but he explains those circumstances in his testimony, and the verdict of the jury is in his favor.

3. The testimony of Chinda, the former partner of Yantovich, as to the value of the stock of merchandise on the twenty-ninth of July, 1877, with the testimony as to the

average daily sales about that time, tended to corroborate the testimony of Yantovich and others as to its value on the first day of August, 1877, and was, therefore, properly admitted. The plaintiffs could not, in any event, consistently claim that they had been prejudiced by this testimony, because the value of the property, as set forth in the judgment, is the same as is alleged in the plaintiffs' complaint.

4. The court did not err to the prejudice of appellants by allowing the testimony that plaintiffs had not paid the debt due from Yantovich to Tobriner, as, upon the intervenor's statements of the transactions between the parties at the time of the alleged sale, they had agreed to do. It tended to show a failure on their part to comply with the conditions of the sale.

5. The jury, from the issues found, must have decided that the statements made by plaintiffs to Yantovich at the time of the alleged sale were not "mere expressions of opinion," as claimed by appellants.

If plaintiffs actually made the statements alleged and testified to, and if Yantovich, believing the statements to be true, was induced to part with his property under the false promise that plaintiffs would pay all his debts and prevent his property from being sacrificed, and such statements were made by the plaintiffs for the purpose of misleading and deceiving him, so as to enable them to secure the possession of the property and thereby obtain an undue and unfair advantage, the sale was fraudulent and the intervenor was entitled to relief upon that ground.

6. The finding of the jury, that there was no delivery and continued change of possession of the goods, is not unsupported by the pleadings or proofs.

Under certain circumstances and conditions the retention of a former clerk in the same capacity in which he had previously acted is not a badge of fraud. The essential fact to be proved, under the circumstances of this case, was whether or not there was an actual and continued change of possession. If this was sufficiently shown, then the mere fact of the re-employment of the clerk of the vendor

by the vendees would not render the sale invalid. (*Gray* v. *Sullivan*, 10 Nev. 417.)

The question as to what facts are necessary to be proved in order to constitute an actual and continued change of possession is always more or less dependent upon the particular facts and circumstances of each case; but in every case the change of ownership must, under the law, "be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to the world of the new owner."

There was a direct conflict of evidence upon the question of possession, and the jury upon this point, as well as upon all others where there was a conflict of testimony, found the facts in favor of the intervenor and defendant. The record, in our opinion, as before stated, contains sufficient evidence to support their conclusions.

7. Instruction number one declares that if the sale was actually made with the intention to hinder, delay, and defraud the creditors of the vendor, and the vendee had knowledge of such intention, then the sale was fraudulent.

This instruction is not erroneous. (*Greenwell* v. *Nash*, 13 Nev. 286.)

It must be considered in connection with the other instructions, wherein the court distinctly stated the claims of the respective parties to the property in controversy, and properly announced the principles of law applicable thereto.

The judgment of the district court is affirmed.