[L. A. No. 578.   Department Two.—November 10, 1899.]

HENRY GREENWALT, Assignee of William Mueller, Appellant, v. MARY MUELLER, Respondent.

INSOLVENCY—HUSBAND AND WIFE—PROPERTY PURCHASED BY WIFE—DEED BY HUSBAND TO WIFE—CONSIDERATION.—Where a married woman purchased real estate with her own funds, assuming the payment of an existing encumbrance thereon, and the deed therefor was made to her and her husband, upon his agreement to assume and pay such encumbrance, and. upon his refusal to make such payment. she paid the same, the husband became a debtor to his wife, and his subsequent conveyance to her of his interest in the land, in discharge of such obligation, when he was insolvent and within one month prior to his filing of a petition in insolvency, but without knowledge by her of his insolvency or reasonable cause for believing him to be insolvent, is based upon a valuable consideration, and is not void as to existing creditors.

within the meaning of section 3442 of the Civil Code or of section 56 of the Insolvent Act (Stats. 1895, p. 131).

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

Dunnigan & Dunnigan, for Appellant.

Murphy & Gottschalk, and Louis Gottschalk, for Respondent.

CHIPMAN, C.—Action to have a certain conveyance of real property to defendant declared to be void, and for a decree adjudging the property to belong to the insolvent estate of defendant's husband. The cause was tried by the court without a jury, and it found the following facts: That on December 6, 1893, defendant purchased with her own means lot 108 in Brook's addition to the city of Los Angeles for the sum of five hundred dollars, "and as part of the consideration undertook and promised to pay off an encumbrance of two hundred and fifty dollars then resting on said lot"; that the deed when first drawn made her the sole grantee, but before delivery her husband requested that he be made one of the grantees, to which defendant consented "upon his promise to pay off said encumbrance of two hundred and fifty dollars, whereupon his name was inserted and the deed delivered"; that he failed to pay said mortgage, and defendant thereupon paid the same "with means furnished to the defendant by a son of defendant who gave his earnings to said defendant for the purpose of paying off said encumbrance and thereby acquire an unencumbered home"; that defendant's husband never paid any part of the consideration for said lot; that defendant frequently requested him to execute a deed to her for the reason that he had failed to keep his promise to pay off the mortgage and because he had only a nominal interest in the lot, and that on January 14, 1896, he did execute to her a deed for said lot conveying his interest therein, "the consideration named in said deed being ten dollars and love and affection"; said deed was made

within one month prior to the filing of petition in insolvency by Mueller and after he had become insolvent, but at the time of said transfer "defendant did not know or have any reasonable cause to believe that her husband was insolvent or was about to file his petition in insolvency, or that such conveyance to her was made with the view to prevent his property from coming to his assignees in insolvency," or to in any way hinder, delay, or defraud his creditors, or to evade any of the provisions of the insolvency laws of this state. The court gave judgment for defendant, from which and from an order denying motion for new trial plaintiff appeals.

The evidence is meager. Plaintiff's evidence consists of the deed of 1893 from defendant's grantor and the testimony of the insolvent Mueller that he filed his petition in insolvency January 18, 1896, at which time and when he conveyed to his wife he had no property and owed four hundred or five hundred dollars debts; that he knew when he made the deed that he could not pay these debts. This is all the evidence of plaintiff. The deed from Mueller to his wife is not given in the transcript. The evidence of defendant consists of the testimony of herself and her son, from which it appears that the findings of facts are amply supported, and unless they fail to sustain the conclusion of law the judgment and order must be affirmed.

Appellant claims that the deed of Mueller to his wife was absolutely void and no testimony was necessary to establish that fact. (Citing *Cook v. Cockins,* 117 Cal. 140.) As the court found that Mueller was insolvent when he made the deed and that he made it within one month of filing his petition in insolvency, the conveyance is void as to the then existing creditors if "made or given voluntarily, or without a valuable consideration" (Civ. Code, sec. 3442); or the transfer was made with a view to give a preference to Mrs. Mueller, and she had reasonable cause to believe that her husband was insolvent at the time and that he made the transfer with a view to prevent his property from coming to his assignee in insolvency or to hinder, delay, or defraud his creditors, and the transfer was made within one month before the filing of his petition in insolvency. (Insolvent Act, sec. 59; Stats. 1895, p. 131.)

The evidence shows that defendant paid no money to her husband when he made the deed, and the recital of the deed is that the consideration was ten dollars and love and affection. But the evidence also shows that Mrs. Mueller originally bought the property, in 1893, with her own means, the consideration being five hundred and twenty-five dollars, and the deed was made out to her as grantee. At the time of the purchase there was a mortgage indebtedness resting on the property, which she testified she assumed when she bought the property. Before the deed was delivered her husband promised that if he was made cograntee in the deed with his wife he would pay the mortgage indebtedness, and accordingly it was drawn making Mueller and wife grantees, and it contained the following clause: "This deed is made subject to a mortgage now on said lot, given by M. H. Pollard to secure a note of two hundred and fifty dollars (being part of the purchase price of said lot), with accrued interest on said note." Mueller failed to pay this mortgage debt, and Mrs. Mueller paid it, and he finally conveyed his interest in the property to his wife four days before filing his petition in insolvency. She testified that she had no knowledge of his being in debt, or that he was insolvent or contemplated insolvency, or had any intention to hinder, delay or defraud his creditors.

Respondent relies upon the cases involving the principles governing resulting trusts. It seems to us that the facts show that Mrs. Mueller was a creditor of her husband. When she paid the mortgage debt there arose an implied obligation on his part to pay her the amount of that obligation. When he conveyed his interest in the property to her it was in discharge of this obligation; and this was a valuable consideration for the deed (*Saunderson v. Broadwell*, 82 Cal. 132); and takes the case out of the operation of section 3442, *supra*. The evidence is, and the court found, that defendant had no knowledge of her husband's insolvency and had no reasonable cause of believing him to be insolvent, or that he made the deed with intent to defraud his creditors. The case is thus taken out of the operation of the Insolvent Act. (*Saunderson v. Broadwell, supra; Bernheim v. Christal*, 76 Cal. 567; *Haskin v. James*, 96 Cal. 258.)

I advise that the judgment and order be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.        McFarland, J., Henshaw, J.

Temple, J., concurred in the judgment.