[L. A. No. 3819. Department One.—December 16, 1916.]

## J. H. BYERLEY, Appellant, v. BERTHA A. CONLIN et al., Respondents.

FRAUDULENT CONVEYANCE—APPEAL BY PLAINTIFF—IMMATERIAL ERROR IN EXCLUDING IMPEACHING TESTIMONY.—On an appeal by the plaintiff from an adverse judgment in an action to avoid a deed on the ground that it was executed without consideration and with intent to defraud the creditors of the grantor, error, if any, in excluding testimony offered to impeach the evidence of the grantor that at the time of the transfer he had other property sufficient to satisfy the plaintiff's debt is rendered immaterial, where the court found in favor of the plaintiff that the grantor did not have sufficient property at that time.

ID.—PAYMENT OF ADEQUATE PRICE BY GRANTEE—ABSENCE OF FRAUDULENT INTENT OF GRANTEE—STRIKING OUT EVIDENCE OF GRANTOR'S FRAUDULENT INTENT.—If the grantee paid an adequate price for the property, the plaintiff in such action was required to show an intent to defraud creditors on the part of both the grantor and the grantee. The declarations of the grantor, made while he held the title and tending to show his fraudulent intent, although admissible as against him, would not be evidence of the intent of the grantee,

unless the latter had notice thereof before purchasing the property. Where no such notice was brought home to the grantee, and the court found, upon sufficient evidence, that she did not have such fraudulent intent and paid an adequate price, error in entirely striking out the evidence of the grantor's declarations became immaterial.

APPEAL from a judgment of the Superior Court of the County of Los Angeles, and from an order refusing a new trial. John M. York, Judge.

The facts are stated in the opinion of the court.

Davis, Lantz & Wood, and Charles Lantz, for Appellant.

Charles S. McKelvey, for Respondents.

SHAW, J.—The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The object of the plaintiff's action was to set aside a deed executed by Clarence B. Conlin to his wife, Bertha A. Conlin, conveying to her a certain parcel of land. The complaint alleged that the deed was executed without consideration and with intent thereby to defraud the creditors of Clarence B. Conlin, and particularly the plaintiff, who was then one of the creditors. The court below found that the deed was executed for a valuable and adequate consideration, consisting of the separate property of Bertha A. Conlin, and that it was not made with the intent to defraud the plaintiff or any other person.

There was sufficient evidence to support this finding. This is, of itself, sufficient to uphold the judgment. The plaintiff claims that there were certain errors of law at the trial, consisting of the exclusion of evidence offered by the plaintiff.

The defendant, C. B. Conlin, as a witness for the plaintiff, testified that at the time of the transfer complained of he had other property sufficient to satisfy the plaintiff's debt. The appellant complains of the exclusion by the court of impeaching testimony showing previous declarations made by him inconsistent with this statement. As the court found in favor of the plaintiff that he did not have sufficient property at that time, the error, if any, is immaterial.

As it sufficiently appeared that Mrs. Conlin paid an adequate price for the property, the plaintiff was required to

show an intent to defraud creditors on the part of both defendants. (*Visher* v. *Webster*, 8 Cal. 112.) Declarations of · C. B. Conlin, made while he held the title and tending to show his fraudulent intent, were received as against him alone. They would not be evidence of the intent of Mrs. Conlin, unless she had notice thereof before purchasing the property. (*Landecker* v. *Houghtaling*, 7 Cal. 391, 392.) As no notice was brought home to her, the court, on motion, struck out the evidence of his declarations. They should not have been stricken out entirely, for they were competent evidence, of the fraudulent intent of C. B. Conlin. It is not clear that the court intended to do more than to strike them out as evidence of the intent of Mrs. Conlin. But however that may be, as the court found, upon sufficient evidence, that she did not have such fraudulent intent and that she paid an adequate price, and as these facts alone are sufficient to defeat the plaintiff, the error in striking out the testimony could not have properly affected the judgment in favor of the defendants.

There are no other points that are of sufficient merit to deserve notice.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.