[Civ. No. 3522. First Appellate District, Division One.—December 24, 1920.]

JAMES A. POTTS, Appellant, v. H. B. MEHRMANN, as Administrator, etc., et al., Respondents.

[1] DEBTOR AND CREDITOR — AGREEMENT OF LIFE TENANT TO KEEP PREMISES IN REPAIR — RELATIONSHIP TO REMAINDERMAN. — Where the owner of a life estate by an agreement with the remainderman obligates herself to keep the improvements on the property in reasonable and ordinary repair and to paint them at reasonable intervals during her life estate, such obligations constitute the remainderman a creditor of the owner of the life estate.

[2] FRAUDULENT CONVEYANCES — APPROVED CLAIM AGAINST ESTATE — FORCE OF —PRIMA FACIE EVIDENCE.—A claim against the estate of a deceased person duly allowed and approved by the judge of the superior court in which that estate is pending has the same force as a judgment of the court; and in an action by such claimant brought to set aside, as a fraud upon creditors, a trust executed by the deceased in her lifetime, such approved claim is *prima facie* evidence of the plaintiff's debt, and the burden is upon the defendant to show that the claim was not properly allowed.

[3] ID.—ACTION TO SET ASIDE TRUST—EXISTENCE OF ACTUAL INDEBTEDNESS.—In such action, it not being disputed that at the time of the execution of the trust sought to be set aside there was a subsisting obligation, upon the part of the deceased, who executed the trust, in favor of the plaintiff, it is not necessary that the claim based upon that obligation disclose that there was an actual indebtedness to the plaintiff at the time of the execution of the trust.

[4] NONSUIT—MOTION FOR—EVIDENCE—INFERENCES—PRESUMPTIONS.—Upon a motion for a nonsuit every favorable inference fairly deducible and every favorable presumption fairly arising from the

evidence produced must be considered as evidence in favor of plaintiff, while all contradictory evidence must be disregarded.

[5] FRAUDULENT CONVEYANCES — TRANSFERS IN CONSIDERATION OF FUTURE SUPPORT—INTENT—PRESUMPTION.—Where a person, having existing creditors, transfers all his property to another in consideration of the future support of the grantor, the law presumes the act to be done with fraudulent intent and to hinder and delay the creditors in enforcing their claims.

[6] ID.—ACTION TO SET ASIDE TRUST—RIGHT OF CREDITOR TO MAINTAIN.—Where a creditor of an estate has exhausted all means to procure the executor or administrator to bring an action to set aside, as a fraud upon creditors, a trust executed by the deceased in her lifetime, the creditor may bring such action.

[7] NONSUIT—GROUNDS—APPEAL.—No grounds other than those stated upon a motion for a nonsuit can be considered upon an appeal.

APPEAL from a judgment of nonsuit of the Superior Court of Alameda County. T. W. Harris, Judge. Reversed.

The facts are stated in the opinion of the court.

R. Clarence Ogden for Appellant.

McKee, Tasheira & Wahrhaftig, for Respondents.

WOOD, P. J., pro tem.—This is an appeal from a judgment of nonsuit. The action was brought to set aside, as a fraud upon creditors, a trust executed voluntarily by the decedent, Mary Potts, in her lifetime, to the defendant Oakland Bank of Savings. By the terms of the writing she transferred to the bank the sum of $3,245, and made provision therein for medical attention and medicines during her life, for the payment of the expenses of her last illness and funeral, and for the disposition after her death of the remainder of the fund among certain of her relatives. There was also a provision for the payment during her life to her niece, Mrs. Hottel, of the sum of forty dollars per month. This amount, it seems, was for the support of Mrs. Potts, and it was collected monthly by the niece and paid to, or for the benefit of, the trustor.

At the time of the transfer of the moneys to the bank Mrs. Potts was well advanced in years, had reached a state where she could not be left alone, and the neighbors had

suggested that she go to an old ladies' home. She, however, wanted her niece to take care of her, and, apparently the better to secure proper care and treatment, made her the sole beneficiary of the trust fund upon the death of Mrs. Potts, if the latter did not die within five years after the date of the trust. The demise of Mrs. Potts occurred, however, on April 1, 1908, or fifteen months after executing the transfer to the bank.

Other than this money that went into the trust fund, Mrs. Potts had no property except some household furniture appraised at fifty dollars, and a life estate in a lot upon which there was a small four-room dwelling, in which she lived for many years prior to and up to the time of her death. It is because of the obligations imposed upon the owner of this life estate that this litigation ensues.

Mrs. Potts acquired the life interest in the property in this wise: By the last will of Thomas Potts, he devised the dwelling and lot to the appellant herein, who was his son by a former marriage. This devise was subject to the said life estate to his widow, the said Mary Potts. Pending the administration of the estate of Thomas Potts the appellant, James A. Potts, and the said Mary Potts executed an agreement by the terms of which Mary Potts agreed to keep the improvements in reasonable and ordinary repair during the life estate and to paint them at reasonable intervals; while upon his part appellant agreed to pay the taxes upon said property at all times, and to keep the improvements insured in the sum of $1,000 for the benefit of himself and the life tenant. The decree of distribution in the estate of Thomas Potts was in strict accordance with this agreement, and was made on June 16, 1902.

After the death of Mrs. Potts, appellant presented to the defendant Mehrmann, as administrator, a claim, which was thereafter duly allowed by the court, against the estate of Mary Potts, in the sum of $716 for moneys expended, as appellant claimed, to place the improvements upon the lot in reasonable repair on account of waste and depreciation of said premises suffered and permitted by Mary Potts during her life tenancy. The claim included moneys expended for plumbing, tinning the roof, shingling, repairs to woodwork, painting, and papering.

The motion for a nonsuit, which was granted by the trial judge, was made upon the following grounds: 1. That the evidence did not prove that there was an existing creditor at the time of the conveyance. 2. That it had not been shown that there was a debt in existence at the date of the conveyance. 3. That it was not shown that a fraudulent intent existed or had been shown. [1] As to the first ground, reference has already been had to the covenant upon the part of Mrs. Potts to keep the improvements in reasonable and ordinary repair and to paint them at reasonable intervals during her life estate; and all that is necessary in order to show that appellant was a creditor of Mrs. Potts at the time of the conveyance is to refer to the definitions of debtor and creditor as given in the Civil Code, which are:

"Sec. 3429. A debtor, within the meaning of this title, is one who by reason of an existing obligation, is or may become liable to pay money to another, whether such liability is certain or contingent.

"Sec. 3430. A creditor within the meaning of this title, is one in whose favor an obligation exists, by reason of which he is, or may become entitled to the payment of money."

Further than this, in 20 Cyc. 454, it is said: "A person who is bound by a contract upon which he may become liable for the payment of money is indebted although his liability is contingent as in the case of an indorser of a note," and in 12 R. C. L., at page 492, it is stated: "Claims that arise from contract are in force from the date of the agreement. The liability arises at that time, although no demand accrues until afterward. . . . Whoever has a claim or demand on a contract in existence at the time when a fraudulent conveyance is made is a creditor within the meaning of the statute, and the holder of a contingent claim is as fully protected by the statute as one that is absolute."

[2] As to the contention, "that it was not shown that there was a debt in existence at the date of the conveyance," there was in evidence the claim we have mentioned, in the sum of $716, which had been duly allowed and approved by the judge of the superior court. This had the same force as a judgment of the court. It was *prima facie*

evidence of plaintiff's debt, and the burden was upon the defendant to show that the claim was not properly allowed. (*Shiels* v. *Nathan,* 12 Cal. App. 608, [108 Pac. 34], and cases there referred to.) [3] It was not necessary that the claim disclose that there was an actual indebtedness to appellant at the time of the execution of the trust, for it was not disputed that at the time of such execution there was this subsisting obligation, upon the part of Mrs. Potts, to keep the improvements in reasonable and ordinary repair, and this constituted the appellant a creditor within the meaning of the law.

Did the evidence fail to show that a fraudulent intent existed? [4] The rule is well settled in this state that upon a motion for a nonsuit every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence produced must be considered as evidence in favor of plaintiff, while all contradictory evidence must be disregarded. (*Estate of Arnold,* 147 Cal. 583, and cases there cited, at page 586, [82 Pac. 252].) [5] It was not necessary to prove an actual intent on the part of Mrs. Potts to defraud any creditor. Indeed, she may have been, and probably was, entirely ignorant of a default in the performance of any obligation on her part to the appellant. Section 3442 of the Civil Code provides, however, "that any transfer made or given voluntarily or without a valuable consideration, by a party, while insolvent, or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors." The authorities place transfers of property in consideration of the future support of the grantor upon the same plane as voluntary transfers referred to in section 3442, *supra,* at least to the extent which the value of the property is in excess of the support furnished. In *Baxter* v. *Baxter,* 19 Cal. App. 239, [125 Pac. 360], it is said: "As against existing creditors one cannot transfer all his property in consideration of future support and thus defeat the creditor in enforcing his claim. Under such circumstances the law presumes the act to be done with fraudulent intent to hinder and delay the creditor in the collection of his debt." This rule is sustained by a citation of authorities, and a petition for a hearing of that case in the supreme court was denied.

The claim is made that there was no evidence that the trust agreement was made without a valuable consideration. No mention was made in the motion for nonsuit of the lack of evidence in this particular, but assuming that the question may be raised under the ground stated that there was no fraudulent intent shown, we think that the oral evidence introduced, taken in connection with the trust agreement, shows that there could have been no consideration moving from any person other than Mrs. Hottel, who appears to have cared for Mrs. Potts and supported her out of the forty dollars per month, and who, at the utmost, was entitled to a sum not exceeding $1,000, if Mrs. Potts died, as she did, within five years after the date of the trust. But this would not preclude appellant from a recovery, for as was said in *Harris* v. *Brink*, 100 Iowa, 366, [62 Am. St. Rep. 578, 69 N. W. 684], "where the consideration for a conveyance is an agreement for the future support of the grantor, the transaction is fraudulent in law as to the creditors, to the extent which the value of the property is in excess of the support furnished."

[6] It is claimed that appellant, a simple creditor of the estate, has no right to prosecute this action, and that the exclusive remedy is to be found in section 1589 of the Code of Civil Procedure, which gives the executor or administrator authority to prosecute like actions when there is a deficiency of assets. Respondents rely upon *Emmons* v. *Barton*, 109 Cal. 662, [42 Pac. 303], in support of this proposition. Whether that case was intended to overrule *Hills* v. *Sherwood*, 48 Cal. 386, and *Ohm* v. *Superior Court*, 85 Cal. 547, [20 Am. St. Rep. 245, 26 Pac. 244], need not be here considered, for in that case the right of the creditor to bring such an action was sustained, and it was held that such action did lie where the creditor had exhausted all means to procure such action to be brought by the executor or administrator. The motion for nonsuit did not specify any failure of evidence to make such proof, and it is too late to raise the point now.

It is urged that the evidence is insufficient to show that Mary Potts became insolvent upon the making of the transfer to the bank, inasmuch as she owned the life estate in the house and improvements referred to, and that this life estate was of some value. There was no evidence of the

value of the house or improvements or of the life estate. It seems to have been conceded at the trial, that the transfer to the bank left Mrs. Potts without sufficient property to pay her debts. There was proof of a search for property by the administrator, and the niece, Mrs. Hottel, who lived with Mrs. Potts antecedent to the transfer to the bank and up to the time of her death, testified that Mrs. Potts had no property in the world other than this money in the bank. The evidence as to the condition of the premises at the time of the transfer indicated that the value of the life estate could scarcely equal that of appellant's claim.

But notwithstanding all that has been said, it may be conceded that the action of the trial court in granting the nonsuit would have been correct and proper had the respondent in its motion specifically included as one of the grounds, the failure of proof to show that Mrs. Potts was insolvent upon making the transfer to the bank.

[7] The rule is uniform, however, that no grounds other than those stated upon a motion for a nonsuit can be considered upon an appeal. The reason for requiring the grounds to be stated is to afford the plaintiff an opportunity to correct any .defects in the pleadings or proof which admit of correction. (*Daley* v. *Russ,* 86 Cal. 117, [24 Pac. 867], and cases there cited; *Christensen Lumber Co.* v. *Buckley,* 17 Cal. App. 37, [118 Pac. 466].)

For the reason stated the judgment must be reversed, and it is so ordered.

Richards, J., and Kerrigan, J., concurred.