[Civ. No. 3434. Third Appellate District.—April, 28, 1928.]

A. C. HASENJEAGER, as Administrator, etc., Appellant,
v. HELENA VOTH et al., Respondents.

Emmons & Aldrich for Appellant.

Rowen Irwin and Rollin Laird for Respondents.

BUCK (G. F.), J., *pro tem.*—This is an action by an administrator to set aside a conveyance alleged to have been made by decedent to her daughter, the defendant Helena Voth, with the intent to defraud creditors. The action was brought under the provisions of sections 1589 to 1591 of the Code of Civil Procedure, and was brought to protect the claim of the First National Bank of Bakersfield in the sum of $3,205, which was the only claim filed in the estate. The defendant A. D. Voth was evidently joined in his capacity as husband of the defendant Helena Voth, while the defendant John H. Peters was the husband of the decedent and was jointly liable on the note in question. But the property covered by the conveyance was owned by the decedent Elizabeth R. Peters, though the husband joined in the deed.

Findings and judgment were entered in favor of the defendants Helena Voth and A. D. Voth and the plaintiff appeals.

The sole ground of appeal is that the evidence is insufficient to sustain certain findings of the trial court to the effect that the conveyance was not made with the intent to defraud creditors, but was made for an adequate and valuable consideration, and that the deceased, at the time of the conveyance, was in possession of other property sufficient to discharge all of her indebtedness due at that time. The findings attacked may be deemed to have been made in response to the allegation in the complaint "that the said conveyance was fraudulently made with intent to defraud creditors, and at the time of the making of said conveyance to said Elizabeth R. Peters . . . was insolvent, and the defendant John R. Peters was . . . and is insolvent." It will be noted that the complaint does not allege that the conveyance in question was a voluntary conveyance or made without adequate consideration. The answer, however, put in issue the allegations of the complaint touching the alleged insolvency of the defendants, as follows: "Defendants deny on their information and belief that said Elizabeth R. Peters or the said John R. Peters were either of them insolvent, but, on the contrary. upon their information and belief allege that the said Elizabeth R. Peters and John R. Peters owned and were in possession of other property sufficient in value to pay off and discharge all indebtedness both owing to said First National Bank of Bakersfield and other creditors." And as regards the allegation that the "conveyance was fraudulent and made with intent to defraud creditors," the defendants in their answer "deny that said conveyance was fraudulent, made with intent to defraud creditors, but on the contrary allege the fact to be that said conveyance was made for a valuable and adequate consideration."

At the outstart it may be noted that the complaint, since it failed to charge that the conveyance was without consideration, does not attempt by its allegations to charge fraud in law as designated in section 3442 of the Civil Code. (*Franck* v. *Moran,* 36 Cal. App. 32 [171 Pac. 841].) The complaint attempts simply to charge fraud in fact, without any further specifications of fact than to allege that the conveyance was made with intent to defraud and that the grantor was insolvent. And while insolvency alone does not establish fraud, "pronounced insolvency is a strong

circumstance of fraudulent intent.'' (*Cook* v. *Cockins*, 117 Cal. 140 [48 Pac. 1025].)

As regards the allegation of insolvency, it has been held that it is sufficient to allege that the grantor ''was insolvent, without alleging the particular facts constituting insolvency under the Bankruptcy Act.'' (*Gray* v. *Brunold*, 140 Cal. 615, 619 [74 Pac. 303, 305].) But it is also the rule that solvency and not insolvency is presumed. (Vol. I, Jones on Evidence, 2d ed., p. 425.) Also the burden of establishing insolvency at the time of the conveyance is on the plaintiff. As stated in the case of *Parkinson Bros.* v. *Figel*, 24 Cal. App. 701, at page 711 [142 Pac. 135, 140], insolvency should be shown by ''clear and satisfactory evidence to have warranted a finding.'' And in the case at bar, though the defendant did, after making a sufficient denial of insolvency, gratuitously allege that the defendants Peters ''owned and were in possession of other property sufficient in value to pay off and discharge all indebtedness both owing to said First National Bank in Bakersfield and other creditors,'' the burden rested, not upon them to prove this gratuitous allegation, but the burden still rested upon the plaintiff to show, by clear and satisfactory evidence, that the said grantor was insolvent.

The evidence pertaining to the financial situation of the grantors at the time of the conveyance, as stated by appellant, is as follows: ''On February 1, 1924, Elizabeth Peters and John Peters, her husband, were the owners of approximately twenty-five acres of land near Shafter in Kern County. They owed the Fidelity Savings and Loan Association the sum of approximately $2600.00 principal secured by a mortgage on the land. They owed about $500 in miscellaneous bills and the sum of $3000.00 to the First National Bank in Bakersfield, evidenced by a note, all of which was unsecured. The value of the land was estimated at between $5625 and $7500.''

It is alleged in the complaint and admitted in the answer that the land conveyed was owned solely by the decedent.

But, in addition to the foregoing, without any objection on the part of the appellant, there was testimony adduced to the effect that the grantors were the owners of 400 acres of land in Canada, and that ''if they could sell it they would pay'' the National Bank of Bakersfield, ''and that though she

could not herself handle the Canada property from here,'' she ''had to assign the land first to somebody else to make a loan. She was going to do that and then pay the Bank off.'' The foregoing testimony, coupled with the presumption of solvency, would seem to be sufficient to justify the trial court in finding against plaintiff's allegations of insolvency. And, furthermore, learned counsel for plaintiff made no attempt to modify or qualify or in any way to weaken the inference that could be drawn from the foregoing testimony as regards the land in Canada. (*Cook* v. *Cockins, supra.*)

As regards the finding based upon the gratuitous allegation in the answer that the conveyance to Helena Voth was made for an adequate and valuable consideration, there is evidence tending to show that the value of the land was $5,625, being 25 acres at a valuation placed thereon of $225 per acre, whereas, the testimony showed that the amount of the debts assumed by the defendant in consideration of the transfer was ''a little over $3500.'' In additon to this, there was testimony to the effect that the defendant agreed to take care of her mother and father as long as they lived. But it is the claim of appellant that, by reason of this agreement to take care of the father and mother, that there was no adequate consideration for the deed notwithstanding the fact that the defendant had agreed to assume and pay the indebtedness in the amount stated. But, as stated in numerous citations in volume 27, Corpus Juris, page 533: ''The assumption of *bona fide* debts of the grantor by the grantee is a valuable and sufficient consideration for the conveyance or transfer of the former's property, unless it is materially greater in value than the amount of the debts assumed.'' Also, as stated in *Manning* v. *App Con. Gold Min. Co.,* 171 Cal. 610, at 615 [154 Pac. 301, 303] : ''The promise of the grantee' to pay a grantor's indebtedness is a valuable consideration. (*Saunderson* v. *Broadwell,* 82 Cal. 133 [23 Pac. 36] ; *Gladwin* v. *Garrison,* 13 Cal. 332 ; *Carty* v. *Connolly,* 91 Cal. 19 [27 Pac. 599] ; *Greenwalt* v. *Mueller,* 126 Cal. 639, [59 Pac. 137].) Such assumption removes the transaction from the operation of section 3442 of the Civil Code. The same principle was announced by the supreme court of Nevada in *Ivancovich* v. *Stern,* 14 Nev. 341.''

And since fraud is never presumed, the burden rested upon the plaintiff to prove not a mere insufficiency but a

gross inadequacy of consideration; while the defendants were required neither to allege nor prove the adequacy of the consideration. (*Denehy*˙ v. *Stewart*, 41 Cal. App. 88, 98 [181 Pac. 839].)

It is therefore clear that the principle applied in the cases of *Baxter* v. *Baxter*, 19 Cal. App. 238 [125 Pac. 359], and *Potts* v. *Mehrmann*, 50 Cal. App. 622 [195 Pac. 941], does not apply in the instant case, because in each of those cases the future support was the sole and only consideration; and there was no evidence as in the case at bar tending to show other property.

As regards the court's finding that the conveyance was not fraudulently made or made with the intent to defraud creditors, the evidence is very far from establishing the fraud attempted to be relied upon, for the reason that there is neither any clear showing that the grantors were insolvent, nor that the value of the property was materially greater than the amount of the debts assumed, nor was there any evidence of any desire on the part of the grantors to hinder, delay or defraud any of the creditors, nor any desire on their part, other than to protect the creditors; or possibly to grant a temporary preference to local vendors of necessary goods, wares and merchandise. In this state such a preference is not a badge of fraud. (Secs. 3432 and 3451, Civ. Code; *Heath* v. *Wilson*, 139 Cal. 362, 366 [73 Pac. 182].)

Taking the evidence as a whole, it would seem that this is a case where the circumstances of the transfer comport at least equally with the theory of honesty and fair dealing, and that therefore the trial court was justified in refusing a finding that the conveyance was the result of fraud practiced either by the grantor or the grantee, or by both of them acting together. (*Byerly* v. *Conklin*, 174 Cal. 40 [161 Pac. 1150]; *Arakelian* v. *Sears*, 53 Cal. App. 646 [200 Pac. 757]; *Denehy* v. *Stewart*, 41 Cal. App. 88, at 96, [181 Pac. 839].)

The judgment is affirmed.

Hart, Acting P. J., and Plummer, J., concurred.