[Civ. No. 5026. Third Appellate District.—April 25, 1934.]

CHARLES M. MIX, Appellant, v. FINIS E. YOAKUM et al., Respondents.

Wm. Fleet Palmer and Newby & Palmer for Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

LEMMON, J., *pro tem.*—This action was brought to subject real property alleged to have been fraudulently conveyed by a decedent to defendants, to a claim asserted by appellant against decedent's estate for money held by decedent during his lifetime, in trust for appellant.

Finis E. Yoakum, Jr., and Charles O. Yoakum, defendants, are the sons of Finis E. Yoakum, Sr. The father, on August 2, 1920, executed deeds to his two sons, of all real property of which he was then seized, and on the same day executed his last will, in which he named the defendants as executors, and devised and bequeathed his estate to the executors in trust for the Pisgah Home movement. The Pisgah Home movement is an organization for religious purposes, in which the father was deeply interested, and for which he served as pastor. Fifteen days after the exe-

cution of the deeds and will, the father died. Thereafter, defendants filed the will for probate, and on April 4, 1921, the will was admitted to probate, defendants were appointed executors, qualified as such, and letters testamentary were issued to them.

Appellant presented to the executors a claim against the estate in the sum of $3,300, with interest thereon. No action having been taken thereon by the executors, appellant brought an action therefor against the defendants as executors. From a judgment dismissing the action an appeal was taken, and the judgment was reversed by the Supreme Court on March 16, 1927—*Mix* v. *Yoakum,* 200 Cal. 681 [254 Pac. 557]. The cause was subsequently tried, and judgment was in favor of appellant in the sum of $6,184.31, to be paid in due course of administration. An appeal from that judgment was dismissed on motion by the Supreme Court on June 3, 1930.

The executors having failed to file an inventory in the estate proceeding, appellant caused them to be served with a citation, and in response thereto an inventory was filed by respondent, Finis E. Yoakum, on March 30, 1929, disclosing assets of $434.19 in cash. Claims, other than the claim of appellant, amounting to approximately the total sum of $30,000, were filed against the estate. The trial court found that the conveyances made by the decedent rendered him insolvent, and that the property of the estate is insufficient to pay appellant's claim.

Appellant attacks the action of the trial court in overruling his motion to enter the default of the defendant, Charles O. Yoakum. It appears that service of summons upon this defendant had been sought by publication. Charles O. Yoakum appeared specially, and moved to quash the service of summons upon him. His motion was granted. When an order directing service of summons by publication is inadvertently or improperly made the court may quash the service of summons had under such order. (*Wilson* v. *Leo,* 19 Cal. App. 793 [127 Pac. 1043].) Neither the order directing publication of summons nor the affidavit and proceedings which were the basis for that order are embodied in the record before us. In the absence of a record embracing these documents we must assume that the order quashing the service of summons has sufficient justification.

The value of the real property in question does not appear in the evidence. [2] The testimony discloses, however, that a part of the real property was, at the time of the execution of the deeds, subject to a mortgage in favor of John Hesketh in the sum of $27,860.25, and interest. The court found that this debt was overdue at that time. This finding is attacked as unsupported by evidence. A claim based on this debt was presented and filed in the estate proceeding. The files and record in the estate were admitted in evidence, but the transcript is incomplete in that it does not contain the claim. We must conclude that the claim disclosed the due date of the debt, and that the trial court therefore had before it evidence sufficient to justify the finding. Respondent testified that his father wished him to take charge of the property in order that respondent could protect the indebtedness against the property, with his own credit, and that he told his father he would do this. Respondent further testified that he paid the Hesketh claim after his father's death. We are thus confronted with the main issue in the case as to whether under the facts the deeds were supported by a valuable consideration.

A conveyance, in consideration of the assumption of a mortgage on the property, is based on a valid consideration. There is authority for the proposition that where the property conveyed is of value in excess of the mortgage, an agreement on the part of the grantee to pay the same is not a valuable consideration as against the grantor's creditors. It has been held in this state that the disparity between the value of the property and the encumbrance must be such as to show gross inadequacy of consideration. (*Hasenjeager* v. *Voth,* 91 Cal. App. 398 [267 Pac. 146].) Fraud is never presumed, and the burden is on the creditor who seeks to avoid the transfer to both allege and prove inadequacy of the consideration. Conversely, the grantee is not required to either allege or prove the adequacy of the consideration. The views here expressed find support in the further cases of *Manning* v. *App Con. Gold Min. Co.,* 171 Cal. 610 [154 Pac. 301]; *Saunderson* v. *Broadwell,* 82 Cal. 133 [23 Pac. 36]; *Gladwin* v. *Gladwin,* 13 Cal. 332; *Greenwalt* v. *Mueller,* 126 Cal. 639 [59 Pac. 137]; *Carty* v. *Connolly,* 91 Cal. 15 [27 Pac. 599].

■ Appellant complains of the trial court's finding that all of the claims presented against the estate, other than his own claim, have been paid by respondents. He is hardly in a position to question this finding because it is directly in accordance with the allegations contained in his complaint. Litigation developed between the Pisgah Home movement and the decedent's two sons, in which it was asserted that the title to the real property in question was received by the sons from the father, and held by them in trust for the Pisgah Home movement. This action was compromised and some of the claims were paid by the Pisgah Home movement, apparently in accordance with the compromise. Suffice it to observe that these claims were in any event indirectly paid by respondents through the compromise effected.

■ Appellant complains of the court's ruling sustaining objections to questions asked for the purpose of eliciting testimony to establish that the deeds in question and the will were executed by the decedent as part of one transaction. The evidence does disclose that these instruments were all executed on the same day. The circumstances of the execution of the will were subsequently related. The error, if any, is not of such weight as to warrant a reviewing court in disturbing the judgment.

Appellant has noted thirty assignments of error. Several relate to the propriety of the court's rulings upon the admission or rejection of other evidence. We have carefully examined each of these specifications. It would extend this opinion unduly to comment specifically on each of these assignments. In the few instances where the correctness of the court's action is open to question, those instances relate to inconsequential matters which have but an incidental and unimportant bearing upon the final result, and not such as to disturb the judgment appealed from.

■ Other of the specifications attack certain of the findings. The court found that the father did not know his death was fast approaching at the time of the execution of the deeds; that he was unaware of an indebtedness owing from him to the plaintiff; that years had passed without the plaintiff demanding payment; that the deeds were not executed in contemplation of the grantor's death; that at the date of the deeds the real property was not salable on account of a financial and real estate depression. There is at least some evidence to support most of these findings.

All of these findings are rendered unimportant in view of our conclusion that the trial court was warranted in sustaining the transfers under attack as supported by a valid consideration. It must be borne in mind that error constituting ground for reversal must be shown to be prejudicial to an extent resulting in a miscarriage of justice.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1934.

Curtis, J., dissented.