[Civ. No. 8981. First Appellate District, Division One.—June 7, 1934.]

MORRIS M. FERGUSON, Appellant, v. ALFRED LARSON et al., Respondents.

134

Victor Ford Collins for Appellant.

A. L. Rowland for Respondents.

JAMISON, J., *pro tem.*—This is an action to set aside a deed executed by defendant Larson to defendants Hannah S. Youngren and Alma L. Yeager upon the ground that it was executed in fraud of existing creditors. Judgment was rendered for defendants and from this judgment plaintiff appeals. The facts are as follows:

On July 7, 1915, defendant Alfred Larson and his wife Berdena Larson were the owners of the land in controversy. On June 20, 1921, Berdena Larson deeded her interest in said land to Alfred Larson. This deed was recorded March 19, 1929. On January 23, 1929, Berdena Larson died. On February 6, 1929, the said Alfred Larson deeded said land to Hannah S. Youngren and Alma L. Yeager. This deed was recorded on March 19, 1929.

On July 1, 1915, Larson and his wife borrowed from said Hannah S. Youngren $500 and gave their promissory note for same. On November 1, 1916, they borrowed from said Youngren $1800 and gave their joint note due November 1, 1927, to secure which loan they executed their mortgage on said land. On September 1, 1925, Larson gave to said Alma L. Yeager his promissory note for $2,000, payable September 1, 1928, for money loaned to him by her. At the date of the deed executed by Larson to the said Youngren and Yeager, to wit, on February 6, 1929, the debts he owed to said Youngren and Yeager, including interest and $100 he

had borrowed from said Youngren, amounted, after deducting $540 owing to him by said Youngren, to the sum of $6,658.77.

On April 27, 1923, Larson and his wife executed to the First Trust and Savings Bank of Pasadena their note, secured by a mortgage on the land in controversy, for the sum of $7,000. This note and mortgage was renewed on April 3, 1928, for a period of three years, and was duly recorded. Since the date of the execution of the deed from Larson to Youngren and Yeager, Youngren has paid on the principal of this mortgage the sum of $1200, interest amounting to $990.62 and taxes amounting to $394.81.

On June 21, 1928, Katherine E. Weygandt filed an action against Larson et al. for an accounting from them of the rents and profits received by them from certain lands situate in Placer County, California, the record title to which stood in the name of said Larson, but which he held as trustee. In this action appellant was appointed receiver. On June 17, 1929, a judgment was rendered therein in favor of said Weygandt for $308.86; and thereafter, on March 3, 1931, a deficiency judgment was rendered against said Larson for the sum of $9,989.73. The judgment for $308.86 was included in and made a part of said deficiency judgment. The defendant appealed from this judgment, but it was affirmed. (See *Weygandt* v. *Larson*, 130 Cal. App. 304 [19 Pac. (2d) 852].)

The land in controversy was worth no more than $10,680 according to the evidence produced by respondents. Therefore the equity that Larson conveyed to respondents Youngren and Yeager was of a value less than $5,000.

While it is true that the note executed by Larson and wife to Youngren for the $500 was barred by the statute of limitations, yet the moral obligation for its payment still remained. The fact that the debt may be barred by the statute of limitations can affect the remedy only, but in no degree can it release the debtor of the moral duty of paying it. Although the note was barred by said statute it constituted a good and valuable consideration. (*Hoover* v. *Wasson*, 11 Cal. App. 589 [105 Pac. 945]; *Manchester* v. *Tibbetts*, 121 N. Y. 219 [24 N. E. 304, 18 Am. St. Rep. 816]; 12 R. C. L. 576.) It is well settled in this state that the extinguishment of security or a pre-existing debt

constitutes a valuable consideration for the sale or assignment of property. (*Hart* v. *Church*, 126 Cal. 471, 480 [58 Pac. 910, 59 Pac. 296, 77 Am. St. Rep. 195].) ▮ It is also a well-settled law of this state that in the absence of fraud a debtor may prefer one creditor in preference to another. Section 3431 of the Civil Code provides: "In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract." Section 3432 of the same code provided: "A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another." The statutory right of a debtor to prefer one creditor to another is based upon the principle that in the absence of fraud the owner of property may do with it as he pleases (*Heath* v. *Wilson*, 139 Cal. 362 [73 Pac. 182]), nor does the fact that such preference hinders or delays other creditors in the collection of their claims render it void, nor the fact that the preferred creditor had knowledge that such consequence would follow the preference. (12 Cal. Jur. 1010, 1011; *In the Matter of Muller & Kennedy*, 118 Cal. 432 [50 Pac. 660]; *Priest* v. *Brown*, 100 Cal. 626 [35 Pac. 323].)

▮ The trial court found that there was a valuable and sufficient consideration passing to Larson for his conveyance of the land to Youngren and Yeager and that it was made and accepted without intent to defraud appellant or any other creditor of Larson; that it was accepted in good faith by the said grantees in full and complete satisfaction of the indebtedness owing to them and each of them by said Larson, and this finding is supported by the evidence. In the recent case of *Reidy* v. *Collins*, 134 Cal. App. 713 [26 Pac. (2d) 712], the court said: "Appellant claims that the testimony shows beyond reasonable question that the transaction was fraudulent, and that it was the intention to hinder, delay and defraud creditors. As is usual in cases of this character there were circumstances from which this conclusion might have been drawn. However, this was not the necessary effect of the evidence, and the court's findings to the contrary are not unsupported. Where this is true the findings cannot be disturbed on appeal (*Atkinson* v. *Western Development Syndicate*, 170 Cal. 503 [150 Pac. 360]), even

where another finding could have been made on the issue. (*Ryder* v. *Bamberger*, 172 Cal. 791 [158 Pac. 753]; *Johnston* v. *De Bock*, 198 Cal. 177 [244 Pac. 330].) Nor is insolvency conclusive on the question of fraud as a fact. (*Hasenjeager* v. *Voth*, 91 Cal. App. 394 [267 Pac. 146].)''

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.