SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

and

Elaine S. TOSTI, Appellant,

v.

WHITWORTH ENERGY RESOURCES LTD; Peter Sacker; Jerry W. Anderson; Robert M. Kerns; Williston Basin Holding Corp.; Amerivest Financial Group Inc., Defendants,

Thomas F. Lennon, Receiver—Appellee.

Securities and Exchange Commission;, Plaintiff—Appellee,

Elaine S. TOSTI, Petitioner— Appellant,

v.

Whitworth Energy Resources Ltd.; Peter Sacker; Jerry W. Anderson; Robert M. Kerns; Williston Basin Holding Corp.; Amerivest Financial Group Inc., Defendants,

Thomas F. Lennon, Receiver—Appellee.

No. 00–55799 55533.
D.C. No. CV–97–06980–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Jan. 18, 2002.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Elaine S. Tosti appeals the district court's order denying her motion to confirm the validity of her purported lien on property owned by her son, Peter Sacker. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

Tosti first challenges the district court's finding that the lien was a fraudulent transfer under § 3439.04(a) of the California Uniform Fraudulent Transfer Act ("CUFTA"). *See* Cal. Civ.Code § 3439.04(a) (West 1994) (A transfer is fraudulent if made with "actual intent" to defraud.). The district court did not clearly err in finding that Sacker made the transfer with actual fraudulent intent. *See In re Acequia, Inc.,* 34 F.3d 800, 805 (9th Cir.1994) (reviewing finding of actual fraudulent intent for clear error). The presence of the following five "badges of fraud," one or more of which provides "evidence from which an inference of fraudulent intent may be drawn," sufficiently supported the court's finding: (1) transfer to an insider, (2) threat of suit, (3) retention of control over property, (4) concealment of the transfer, and (5) an absence of reasonably equivalent value received for the transfer. *See* Cal. Civ.Code § 3439.04 (West 1994) (Legislative Committee Comment ¶ 5) (listing the badges of fraud).

First, it is undisputed that the transfer was to an insider, i.e. the debtor's mother.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36-3 may provide.

*See In re Serrato,* 214 B.R. 219, 229 (Bankr.N.D.Cal.1997) ("The relationship of parent and child, when coupled with other suspicious circumstances, gives rise to an inference of fraud.").

Second, Sacker was threatened with suit when the transfer occurred. He had been subpoenaed by the Securities and Exchange Commission ("SEC") on March 17, 1997, and his attorney was notified of a subpoena on Sacker's company on May 15, 1997, one day before the lien was executed on May 16, 1997. Furthermore, the lien was recorded on December 16, 1997, during the pendency of the enforcement litigation.

Third, Sacker retained control over the property by failing to record it for seven months after it was executed. Fourth, the transfer was concealed and never disclosed before it was recorded.

Fifth, as the district court correctly found, Sacker did not receive reasonably equivalent value for the lien. *See In re Consolidated Capital Equities Corp.,* 143 B.R. 80, 87 (Bankr.N.D.Tex.1992) (holding that what constitutes fair consideration under the 1970 version of § 3439.03 is a question of fact); *Freeman v. Allstate Life Ins. Co.,* 253 F.3d 533, 536 (9th Cir.2001) (reviewing findings of fact for clear error). Tosti argues that the consideration given Sacker for the lien was the securing of a prior debt to her and her promise not to sue him on that debt. Although the securing of an antecedent debt constitutes value under § 3439.03, that section "does not indicate what is 'reasonably equivalent value' for a transfer or obligation." Cal. Civ. Code § 3439.03 (West 1994) (Legislative Committee Comment ¶ 3). Here, Sacker derived little benefit from the securing of his antecedent debt to Tosti. *See In re Lucas Dallas, Inc.,* 185 B.R. 801, 807 (9th Cir.B.A.P. 1995) (determining reasonably equivalent value by examining what the debtor received). Any benefit he might have received from Tosti's forbearance from suit was minimal, particularly in light of Tosti's declaration that she would not have sued her son in any event.

Because, at oral argument, the SEC abandoned its argument that the transfer was also constructively fraudulent, we need not address Tosti's appeal from that finding.

Tosti also contends that the lien constituted a valid preference for one creditor over another under CUFTA § 3432. Even if the transfer could be characterized as a preference, however, a preference is valid only "in the absence of fraud." *U.S. Fidelity & Guaranty Co. v. Postel,* 64 Cal. App.2d 567, 149 P.2d 183, 185 (Cal.App. 1944). Because Sacker executed the lien with actual fraudulent intent, such a preference would be invalid.

Finally, Tosti argues that the lien was not voidable because she was a transferee in good faith and for reasonably equivalent value under CUFTA § 3439.08. We agree that her forbearance from suit on the antecedent debt for an unspecified time period was of minimal value insufficient to support the lien on the entire value of the house. However, the pre-existing debt is sufficient to support a lien to the extent of the amount of the $50,000 note. That is true even if suit were now barred on the note. *Ferguson v. Larson,* 139 Cal.App. 133, 135, 33 P.2d 1061 (1934) (promissory note barred by statute of limitations constitutes valuable consideration). To the extent, then, that Tosti had given fair value, her good faith is irrelevant. Accordingly, we remand to the district court with direction to enter an order confirming the lien to the extent of $50,000. AFFIRMED in part, REVERSED and REMANDED in part.